*In re* JAMES E. PECK AND EMMA PECK, *Petitioners.*
**No. 13,271.** ( 72 Pac. 265.)

SYLLABUS BY THE COURT.

KIDNAPPING—*Parentage Not an Absolute Defense.* In a prose-
cution for kidnapping children alleged to have been taken unlaw-
fully from a person to whom their custody had been awarded by
a probate court in a *habeas corpus* proceeding to which the de-
fendant was a party; the fact that the defendant is the parent of
the children in question is not an absolute defense.

Original proceeding in *habeas corpus.* Opinion filed
April 11, 1903. Petitioners remanded.

*Z. C. Millikin,* and *J. A. Smith,* for petitioners.

*C. W. Burch,* for respondent.

The opinion of the court was delivered by

MASON, J. : This is a proceeding to review by *habeas
corpus* the action of an examining magistrate in hold-
ing James E. Peck and Emma Peck for trial upon a
charge of kidnapping. It grows out of the same state
of facts as the case of *In re King,* immediately follow-
ing. The petitioners are prosecuted under section 47
of the crimes act ( Gen. Stat. 1901, § 2032 ). The de-
fense is that Emma Peck is the mother of the children
taken and that James E. Peck is her husband. The
case of *The State v. Angel,* 42 Kan. 216, 21 Pac. 1075,
is relied on as justifying this defense, and it is argued
that a parent cannot be found guilty under this statute
of kidnapping her own child. The statute reads :

"Every person who shall maliciously, forcibly or
fraudulently lead, take or carry away, or decoy or
entice away, any child under the age of twelve years,
with intent to detain or conceal such child from its
parent, guardian or other person having the lawful
charge of such child, shall upon conviction be pun-

*In re* Peck.

ished by confinement and hard labor not exceeding five years, or imprisonment in the county jail not less than six months."

In the present case the children are alleged to have been taken from their grandmother, to whom the custody of the children had been awarded by the probate court of Saline county in a *habeas corpus* proceeding brought by the mother. Under such circumstances the grandmother was a "person having the lawful charge" of the children, even against the mother, whose legal right to take the children was cut off by the order of the court. Even a parent, or one acting by authority of a parent, in such a case may be prosecuted under such a statute. (*State v. Farrar*, 41 N. H. 53; *Commonwealth v. Nickerson and others*, 5 Allen, 518; 2 Bish. Crim. L. § 754.)

We decide this question because it necessarily arises in the case. Under the rule stated in *In re Chamberlain*, 61 Pac. 805, the court will not undertake to go further and weigh the evidence for and against the defendants upon the general question of their guilt or innocence. But the fact that in the case of *In re King* this court has awarded to the mother the custody of the children will naturally be considered by the prosecuting officer in determining the advisability of a further prosecution.

The petitioners are remanded to the charge of the sheriff of Saline county.

All the Justices concurring. Burch, J., not sitting.