## STATE *v.* POWE.

[66 South. 207.]

KIDNAPPING.  *Nature of offense.  Code 1906, section 1079.*
  Under Code 1906, section 1079, a father who by agreement surrendered the custody of his minor child to his wife, is not guilty of kidnapping, because he enticed the child away from the custody of the mother, since the agreement with the mother does not relieve him of the duty to support the child.

APPEAL from the circuit court of Wayne county.
HON. J. L. BUCKLEY, Judge.

E. O. Powe, was indicted for kidnapping. From a judgment sustaining a demurrer to the indictment, the state appeals.

The facts are fully stated in the opinion of the court.

*Luther K. Saul* and *Frank Johnston,* for the state.

The third assignment in the demurrer is not well taken, as section 1079 of the Code of 1906, the section upon which this prosecution is based, is as follows: "Every person who shall maliciously, wilfully, or fraudulently lead, take, carry away, decoy or entice away, any child under the age of fourteen years, with intent to detain or conceal from its parents, guardian, or other person having lawful charge of such child, or for the purpose of prostitution, concubinage, etc."

The indictment follows the language of the statute and sufficiently charges the crime alleged to have been committed, and because it does not charge that the carrying away of the child was for the purpose of prostitution or concubinage does not vitiate it. The indictment states that the defendant, O. E. Powe, "did agree that the said Sudie W. Powe should have full and complete control, custody and possession of said children," one of which was the child alleged to have been abducted and it also states that the defendant did "with intent then and there to detain and conceal said child from its mother etc."

Under the statute, a person can be convicted of either of the offenses and it is just as much crime to conceal or detain a child from its parents or other person having the legal right to the custody of it as to decoy it away for the purpose of prostitution or concubinage. The defendant, being the father of the child alleged to have been abducted, having relinquished his legal right to the custody of it to its mother, as is charged in the indictment, can certainly commit the crime just the same as a third person could. The statute is especially designed to fit such cases as this one, the punishment upon conviction

being for the awful suffering and anxiety and the suspense of not knowing what has become of it, or whether the child is alive or dead, or whether it will ever again be seen or heard of by its parent or guardian; and to say that a parent who having relinquished his legal right to the custody of the child, could not, nor would be able to cause just as much anxiety to its mother, as taking it to a distant state and concealing it and never letting its mother know where it was for sixteen months, as was done in this case, would be preposterous.

Further: Section 1079 of the Code of 1906, does not state the sex of the child that can be abducted, but reads ''any child'' under the age of fourteen years. The crime can be committed by concealing or detaining a boy under the age of fourteen years from the party entitled to the legal custody of him. Hence it is not necessary that the child abducted should be a female and susceptible of being used as a concubine or as a prostitute.

The question no doubt will be raised by the appellee as to whether a father can be convicted for the abduction of his own child and to that end I wish to call the court's special attention to the following: ''A parent who has not parted with his legal right to the custody of his minor child, or to whom the custody has been awarded in a divorce proceeding cannot be guilty of kidnaping.'' 24 Cyc. 801. Now, is it not reasonable, by the converse theory, that one who has parted with the legal right to the custody of his minor child could be convicted under our statute?

I further wish to call the court's attention to the following decisions, which by the converse theory, shows that one can be convicted for the abduction of his own child if he has parted with the legal right to its custody. *Hunt* v. *Hunt,* 94 Ga. 257, 21 S. E. 515; *State* v. *Angle,* 42 Kan. 216, 21 Pac. 1075; *Biggs* v. *State,* 13 Wyo. 94, 77 Pac. 901.

*Frank Johnston,* for the state.

Upon the question in respect to the criminality of the act, I will submit to the court that it is perfectly clear on authority that where there is a regular judicial decree in a divorce proceedings, or separation proceedings for the custody of the children, that a party to the suit who kidnaps one of these children in violation of the decree of the court may be held criminally responsible for his acts. In *State* v. *Farrar,* 41 N. H. 53. There was an indictment against the father for kidnapping his four-year-old child, where the custody of the child had been awarded to the mother in a court proceeding. The court said as a basis of its decision and the ground upon which the defendant in that case was held criminally liable was, that his right as the father of the child was divested by that decree just precisely in the same manner as the right to his wife was annulled by that decree.

The same doctrine was held in the case of *State* v. *Rollins,* 8 N. H. 565. The question, therefore, in the present case now before this honorable court is whether this contract for separation and the custody of the children will be given the same force and effect in law as a stipulation in a decree of the chancery court for a separation or divorce proceeding.

In the research that I have made, I have found no case directdly in point on this precise question. I will make this observation, however, to the court that if this separation agreement is to be held as valid and binding and *prima facie* settling the question of the custody of the children, whether or not such a case would fall within the rule of law in regard to the violation of the stipulations in the decree of the chancery court in a divorce proceeding is the question to be decided by this honorable court. I respectfully submit the question to this honorable court for decision.

REED, J., delivered the opinion of the court.

E. O. Powe was charged with kidnapping his child, a girl four years old. It is alleged in the indictment that he led, took, carried, and enticed away the child from her mother, who was then legally entitled to her custody and possession. Omitting the formal parts, the indictment reads:

"That E. O. Powe, on the 12th day of December, A. D. 1911, in the county aforesaid, did enter into a certain contract with one Sudie W. Powe, who was then and there his wife, whereby, for and in consideration of the dismissal by the said Sudie W. Powe of a certain suit in the chancery court of Wayne county, Mississippi, wherein the said Sudie W. Powe was complainant and the said E. O. Powe was defendant, which was then and there pending, and in which the said Sudie W. Powe was seeking the recovery of alimony and support against her said husband, the said E. O. Powe, and also the recovery of and a decree giving her the care and custody of the two children of her and the said E. O. Powe, to wit, Wilda, aged four years, and Mildred, two years of age, he, the said E. O. Powe, did covenant and agree to convey to the said Sudie W. Powe certain lands in full discharge of all claims for support as prayed for by her, and did agree that the said Sudie W. Powe should have full and complete control, custody, and possession of the two said children. The said Sudie W. Powe did then and there dismiss her said suit as she agreed, and did have the custody and possession of the two said children until the 27th day of April, 1912. And the jury aforesaid, upon their oath aforesaid, do further present that on the 27th day of April, 1912, having surrendered all right to the custody and possession of the said children aforesaid, did unlawfully and feloniously lead, take, carry away, and entice away, wilfully and maliciously, the said child Wilda, under fourteen years of age, to wit, of the age of four years, with the unlawful, willful, malicious, and

felonious intent then and there to detain and conceal said child from its said mother, to wit, Sudie W. Powe, who was then and there legally entitled to the custody and possession of the said child, Wilda, as aforesaid, contrary to section 1079 of the Code of Mississippi, 1906.''

A demurrer to this indictment was sustained. Several grounds were assigned in the demurrer; but it is only necessary for us in this opinion to notice the ground that the indictment charges no offense under the law. It will be seen that the custody of the child was given to the mother through an agreement between the parents. There was no award of the custody by decree of court.

The question for decision here is whether the father can be held criminally liable on the charge of kidnapping his own child, where its custody was in the mother solely by virtue of an agreement with the father. It was decided in the case of *State* v. *Farrar,* 41 N. H. 53, that a father could be held on the charge of kidnapping his own child where he took it from the lawful custody of its mother; but in that case the custody of the child was assigned to the mother by decree of court, and it was said that the father, by force of the decree, had lost his right over the child. In the case of *In re Peck,* 66 Kan. 693, 72 Pac. 265, it was held that both parents were guilty of kidnapping their children, where they were taken from their grandmother, to whom their custody had been awarded by the court in a *habeas corpus* proceeding. The grandmother was held the person having lawful charge of the children, even against the parents.

In both of the cases above referred to the children were in the custody of persons by decree of court. We find no decision in this state dealing with the question presented in those cases, and we have been unable to find any case reported from any court discussing the precise question now before us. In a *habeas corpus* proceeding to determine the question as to the custody of the children between the parents, undoubtedly the agreement set forth

in the indictment would be given its due weight, and might be considered by the court as sufficient to justify the award of custody in accordance with its terms. Such proceeding would be a civil controversy between the contending parents. We are now dealing with the criminal liability of the father for kidnapping his child. Facts may be deemed sufficient to support a finding in a civil suit for the custody of a child, and yet be wholly insufficient to warrant the conviction of a father on the criminal charge of kidnapping.

This is a prosecution by the state for a violation of a statute. The duty to support and care for his child is imposed upon the father by law. He is answerable to the state for the abandonment and failure to support his child. He cannot, by agreement with the mother of the child, relieve himself of his responsibility to the state in the performance of his duty. While this responsibility continues, certainly there goes along with it some right over the child. It should not be said that, by reason of the agreement in this case, there has been such complete annulment and dissolution of the sacred relation of parent and child as to render the father guilty of kidnapping when he takes into possession his own child. The welfare and integrity of family organization, of which the father should be the head, forbids such holding. We must also bear in mind, while considering this question, that agreements for separation between married couples are not looked upon with favor.

Admitting that we will in this state follow the decisions of the courts of New Hampshire and Kansas herein referred to, surely we cannot give the same force to the agreement between the parents as to a solmen decree of a court of competent jurisdiction taking the custody of the child from one parent and awarding it to another. Under the facts stated in the indictment, appellee should not be held for the crime of kidnapping. The demurrer was properly sustained.

*Affirmed.*