No. 28,126.

THE STATE OF KANSAS, *Appellee,* v. WILLARD E. TAYLOR, *Appellant.*

(264 Pac. 1069.)

SYLLABUS BY THE COURT.

1. DIVORCE—*Custody of Children—Award to Stepmother.* In a divorce action where an infant, the child of the husband by a former marriage, had been brought into the home of the spouse after his marriage to the last wife, and was cared for by her until the divorce was granted to the wife for the fault of the husband, in her pleading she had asked for the custody of the infant, and the court in its decree awarded its custody to her. *Held,* that although she was only the stepmother of the infant, the decree awarding custody to her was not absolutely void.

2. KIDNAPING—*Forcible Taking of Child—Effect of Divorce Decree Awarding Custody.* The subsequent forcible kidnaping and taking of the infant by the defendant from the person having lawful charge of her, without the consent of such person, with the intent to take the infant out of the state or to detain and conceal her from the one having lawful charge of the infant, is an offense under R. S. 21-440, although the defendant may not have had personal knowledge of the decree awarding the custody of the infant to another.

3. SAME—*Evidence.* Assignments of error upon the reception of evidence, upon instructions given and of statements made in arguments by the prosecuting attorney, examined and held to be without merit.

Appeal from Sedgwick district court, division No. 1; J. EVERETT ALEXANDER, judge. Opinion filed March 10, 1928. Affirmed.

*J. W. Ward* and *Tom Harley,* both of Wichita, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *William J. Wertz,* county attorney, *George L. Adams, Wilmer B. Harms* and *P. K. Smith,* assistant county attorneys, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Willard E. Taylor was convicted upon a charge of kidnaping a child, whose custody had been given to Edna Taylor, his former wife, under a decree of the district court. The judgment was based upon a verdict of the jury that he was guilty of forcibly taking and carrying away Nellie Lorraine Taylor, a child under the

Criminal Law, 32 L. R. A. n. s. 845; L. R. A. 1915B 189; 8 R. C. L. 298. Divorce, 19 C. J. pp. 343 n. 10, 345 n. 33; 41 L. R. A. n. s. 564; 9 R. C. L. 475. Infants, 31 C. J. p. 993 n. 30. Kidnaping, 35 C. J. p. 904 n. 35.

age of twelve years, with intent to detain and conceal her from a person having the lawful charge of the child in violation of R. S. 21-440. He appeals.

It appears that the defendant and Edna Taylor were married on March 15, 1923, and defendant claimed that the child was born of a former marriage of the defendant Willard E. Taylor to Pearl Brown, who died in 1923. In an action of divorce brought by the defendant against Edna Taylor, she filed a cross petition alleging misconduct, including adultery, on his part upon which she asked for a divorce and the custody of the child. He failed to appear and prosecute his action at the time set for the trial, and upon her evidence the court found that the allegations contained in her cross petition were true and adjudged and decreed that Edna Taylor be divorced from the plaintiff and that she be given the care, custody and control of Nellie Lorraine Taylor, her stepchild. It appears that the child was brought into the home immediately after the marriage in 1923, and Edna Taylor had kept and cared for the child until the time she was alleged to have been kidnaped by the appellant on April 11, 1927.

It is the contention of the defendant that the order granting a divorce to Edna Taylor and the award to her of the custody of the minor child was absolutely void in that the statute (R. S. 60-1510) gives the court authority to make provisions for the guardianship, custody and support of minor children of the marriage, but makes no provision for stepchildren, and that Nellie Lorraine Taylor was only the stepchild of Edna Taylor. The provision referred to is:

"When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, and modify or change any order in this respect whenever circumstances render such change proper." (R. S. 60-1510.)

In making provision for the custody, support and education of children when a divorce is granted, does the clause of the statute authorizing provision to be made for "minor children of the marriage" deprive the court of such power where one of the parties is the natural parent of the child and the other its step-parent? It may be assumed that the appellant was the father of the child, a fact about which there was some question in the evidence. It is conceded that Edna Taylor to whom the custody was given was a stepmother. She had had the care of the child since her marriage to

Taylor, who had left the state and for a considerable time before the divorce had contributed nothing towards her support or the support of his wife. When asked who was supporting the child during his absence, he stated that he did not know. In the divorce action the court had full jurisdiction of the parties. In dissolving the marital relation and the breaking up of the home, the court necessarily took notice of the fact that there was an infant child in the home for whom provision must be made. The infant, it must be assumed, was the child of one of the parties to the action, and that party had practically abandoned it. As a result of the marriage, the child had been brought into the home and Edna Taylor, the wife, assumed its care and stood *in loco parentis* towards it. We think the expression in the statute, "minor children of the marriage," fairly interpreted included the infant in question, and that the court had the responsibility and duty to make provision for its custody, care and education, when the marriage relation was dissolved. The decree of the court providing for its custody cannot be regarded as absolutely void. Evidently the court found that the defendant, a party to the action, was not a fit person to be intrusted with the custody of the infant and placed it in the custody of its stepmother, against whose fitness no question is raised. Infants have always been regarded as wards of chancery, and district courts exercising chancery powers have jurisdiction to protect infants. Such courts have a broad and comprehensive jurisdiction, and the controlling consideration of such custody is the best interests of the child. The statute, however, adds nothing to the power of the court to provided for the custody and welfare of infants. It was made an issue in the pleadings and was considered and decided by the court.

It is argued that the question should have been determined in a habeas corpus proceeding rather than in the action for divorce. It has been said that:

"A proceeding to determine custody of an infant is substantially in the nature of a guardianship proceeding. The proceedings may be by habeas corpus or in divorce proceedings, but such proceedings are not the only ones in which the right to the custody may be adjudicated. Any pleading which shows upon its face that the welfare of an infant requires that an order may be made in regard to his custody, is sufficient." (31 C. J. 993.)

The jurisdiction of the court is a continuing one, and its decree may be modified and the custody changed if conditions should be changed and where the welfare of the infant demands a modifica-

State v. Taylor.

tion. When the court acquired jurisdiction of the parties, and the child, it was warranted in determining the matter of custody, and no reason is seen why the relief asked should not have been granted. There was no occasion, we think, for requiring a party to bring a proceeding in habeas corpus, where custody was involved in an action of divorce in the same court, to settle the matter of custody. The infant being a part of the family, the defendant one of the parties to the divorce action, we conclude that the court had jurisdiction to provide for custody and care of the child in that action. Edna Taylor had had the lawful custody of the infant, and the evidence sufficiently shows that the defendant kidnaped the child and took it to Pampa, Tex., and it has never been returned to the one having lawful charge of it. His action was a violation of the statutes under which he was prosecuted.

There are several complaints as to procedural rulings. One was that the court permitted the prosecution to cross-examine appellant as to his former marriages. A question arose as to whether he was the father of the child, a matter about which there was dispute, and about which he had testified. He had been married four times, and testified that the child was the fruit of his second marriage with Pearl Brown; but there was testimony that the child was born during the wedlock of Clarence and Pearl Brown, and prior to his marriage with Pearl Brown. There was no error in the admission of the testimony.

Another objection was the admission of testimony as to a former arrest of the defendant upon a criminal charge. The defendant was a witness in the case, and the testimony in question was for impeachment purposes and was not error.

Complaint is also made of an instruction of the court to the effect that Edna Taylor had lawful charge of the child, and that if the jury found by the weight of the evidence that defendant induced the child to leave the dwelling where she was being cared for and was driven by the defendant in an automobile to Pampa, Tex., such actions on his part would constitute a forcible taking and carrying away of such child within the meaning of the statute; and if the jury found upon the evidence that the taking and carrying of such child was done with the intention of concealing and detaining her from the person having the lawful custody of the child, he would be guilty of the offense charged. In that connection the court added that some testimony had been introduced that when the child was

so taken away defendant did not know of the decree of divorce awarding the custody of the child, but that that would not constitute a defense to the charge. It was said that that testimony could be considered only in so far as it might assist in determining whether or not the defendant intended to detain or conceal the child from the person having lawful charge of her, and if he did so intend it would be no defense that he did not know that the custody of the child had been awarded to Edna Taylor. It was shown without dispute that the custody had been legally awarded to her, and within the authority of *State v. Tillotson,* 85 Kan. 577, 117 Pac. 1030, the fact that defendant did not have personal knowledge of the extent of the decree was not a defense to the charge. (See, also, *In re Peck,* 66 Kan. 693, 72 Pac. 265.) The divorce proceeding had been pending for many months, and although defendant had learned of the decree at a preliminary examination held at least four months before the trial, he still kept the child in Texas and it was there when the trial was had. This, as well as other testimony, tended strongly to show an intention to conceal and detain the child from one who had her in lawful charge.

Some complaint is made of the arguments of the prosecuting attorney, but an examination of these leads to the opinion that they are not of a kind to be prejudicial to the defendant nor to constitute a ground for reversal.

The judgment is affirmed.