No. 43,056

EARL V. ANDERSON, *Appellant*, v. DOROTHY PEARL ANDERSON, *Appellee*.

(379 P. 2d 348)

Opinion filed March 2, 1963.

*Karl V. Shawver, Jr.,* of Paola, argued the cause, and *Guy Lamer,* of Iola, was with him on the brief for the appellant.

*John O. Foust,* of Iola, argued the cause, and *Kenneth H. Foust,* of Iola, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is a child custody matter arising out of a divorce action.

The question concerns the power and authority of the trial court to award custody of the child to the stepmother.

The factual background of the matter is this:

Earl V. Anderson and Dorothy Pearl Anderson were married on June 8, 1958. His eleven-year-old daughter, by a former marriage, Brenda Louise, was taken into their home and lived with them. No children were born of the marriage of Earl and Dorothy. On December 2, 1960, Earl sued Dorothy for a divorce, alleging gross neglect of duty and extreme cruelty. In his petition he alleged that, although his daughter Brenda was staying with Dorothy temporarily, he desired to have her care, custody and control.

On January 5, 1961, Dorothy filed her answer in the form of a general denial. It also included the following:

"That the defendant has under her care and control the minor child of the plaintiff as a result of a former marriage; that said child is happy, contented and well cared for and although she has no legal right to said child, she has been in the past and is now willing to continue the responsibility of caring for said child providing the plaintiff will make proper financial arrangements."

Apparently no further action in the matter was taken until October 23, 1961, when Dorothy filed a cross-petition seeking a divorce from Earl on the grounds of extreme cruelty and gross neglect of duty. The prayer of this cross-petition also sought:

". . . such other and further relief as she may be entitled to under the facts and circumstances of this case."

The case was tried on October 24, 1961, and taken under advisement.

On December 28, 1961, and while the case was still under advisement, Dorothy filed the following motion to enlarge the prayer of her cross-petition:

"Comes now the defendant and respectfully shows to the court that she has in her care, custody and control, Brenda Louise Anderson, 12 years of age, said child being the daughter of the plaintiff. That this said child has been in her care, custody and control since the marriage of the parties to this action on June 8, 1958. That during this period of time said defendant and the minor child have developed love and affection for each other. That said child is happy in the home with the defendant, located at 319 South Walnut, Iola, Allen County, Kansas, and has not in the past and does not now desire to live with her father, the plaintiff.

"WHEREFORE, defendant prays that the prayer of her cross petition be enlarged, requesting that the Court enter such orders as in the opinion of the Court may be in the best interests of the minor child, Brenda Louise Anderson, and that the Court enter its order granting the care, custody and control of the minor child to Dorothy Pearl Anderson, the defendant, and that he enter such other and further orders for the support of said child as may be reasonable and proper under all the circumstances."

The motion was allowed.

On January 9, 1962, the trial court rendered its decision in which it denied a divorce to Earl and granted a divorce to Dorothy on her cross-petition. The court's memorandum decision contained the following:

"Brenda Louise, though the child of the husband only, became a part of the family, and is subject to the jurisdiction of this court, under the authority of *State v. Taylor*, 125 Kan. 594. Mrs. Anderson has had actual custody of the child since the parties separated nearly two years ago, when the plaintiff changed his residence to Miami County, Kansas, leaving his daughter in Iola with the defendant. Mrs. Anderson has throughout the marriage relation stood *in loco parentis* to her stepdaughter.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"The good character of the defendant was established by several highly creditable witnesses, and those witnesses bore testimony to the high quality of her care and devotion toward the plaintiff's daughter, Brenda Louise, in her capacity of foster parent. The evidence shows mutual affection between Mrs. Anderson and Brenda Louise. The plaintiff makes no issue as to the

fitness of the defendant to continue *in loco parentis*, and has in fact ratified and endorsed the relationship since his separation from the defendant. Accordingly, feeling certain that it is for the best interests of the child, a finding of unfitness of the plaintiff is hereby made, and the custody of Brenda Louise is awarded to her stepmother, the defendant, Mrs. Anderson."

Pursuant thereto judgment was entered denying a divorce to Earl, granting a divorce to Dorothy, and granting custody of Brenda to Dorothy. Property rights were adjudicated and Earl was ordered to pay the sum of $75 per month for Brenda's support.

Earl has appealed, and the only question presented concerns the power and authority of the trial court to award custody of the child to Dorothy—the stepmother.

The pertinent portion of the statute (G. S. 1961 Supp., 60-1510) setting forth the power and authority of the district court to make provision in a divorce action for minor children reads:

"When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, . . ."

It is contended by Earl, the father, that the words "minor children of the marriage" vest the district court with power and authority to make provision *only* for such children born as a result of the marriage, and do not include a child of one of the parties by a former marriage. In other words, it is contended that, as between Earl and Dorothy, he has an absolute right to custody, and that the order granting custody to Dorothy, the stepmother—being beyond the power and authority of the court to make—is absolutely void.

As disclosed by the above-quoted portion of its memorandum decision, the trial court relied upon *State v. Taylor*, 125 Kan. 594, 264 Pac. 1069. With respect to the question presented—the facts of that case and the contentions there made—are identical to those before us, and it was expressly held that under an identical statutory provision the trial court was authorized and empowered to award custody to the stepmother. In the course of the opinion it was said:

"As a result of the marriage, the child had been brought into the home and Edna Taylor, the wife, assumed its care and stood *in loco parentis* towards it. We think the expression in the statute, 'minor children of the marriage,' fairly interpreted included the infant in question, and that the court had the responsibility and duty to make provision for its custody, care and education, when the marriage relation was dissolved." (p. 596.)

The opinion discusses fully the question presented and reference is made to what was there said and held.

In the case before us the trial court, upon competent and substantial evidence, was warranted in making the specific finding of unfitness on the part of the father to have custody, and in further finding that it would be to the best interests of the child to live with her stepmother.

This case is unlike that of *Christlieb v. Christlieb*, 179 Kan. 408, 295 P. 2d 658, and the many cases cited in that opinion, in which it was held that a parent who is able to care for his children and desires to do so, and who has not been found to be an unfit person to have their custody, is entitled to custody as against grandparents or others who have no permanent or legal right to custody.

We know of no reason for modifying or repudiating what was said and held in the Taylor case, above. Under the facts of the present case the trial court clearly was correct in making the order that it did, and the judgment is affirmed.