611 P.2d 562

**Edward WEBB, Petitioner/Appellant,**

v.

**Mary Lee CHARLES,
Respondent/Appellee.**

**No. 2 CA–CIV 3441.**

Court of Appeals of Arizona,
Division 2.

March 11, 1980.

Rehearing Denied April 23, 1980.

Review Denied May 20, 1980.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C. by Susan G. Boswell, Tucson, for petitioner-appellant.

Southern Arizona Legal Aid, Inc. by Jay W. McEwen, Tucson, for respondent-appellee.

Randall K. Decker, Tucson, for Minor Child.

## OPINION

HATHAWAY, Chief Judge.

In this appeal, petitioner/appellant Webb challenges the superior court commission-

er's denial of his habeas corpus petition to regain physical custody of his minor son, the finding that he was an unfit parent and the awarding of legal custody of the child to the Department of Economic Security and physical custody to the child's maternal grandmother.

Webb and the child's mother were not married when the child was born and the initial birth certificate did not list anyone as the father. Subsequently, the parents were married, Webb acknowledged paternity and a second birth certificate was issued listing him as the father.

The child's mother was killed in an automobile accident January 28, 1979, at which time the child was living with his parents. At the time of the funeral, the child was taken to his maternal grandmother's home. When the father requested return of his child, the grandmother refused and the habeas corpus petition was filed. No response was filed and a hearing was held in April 1979. At the hearing before a superior court judge, the grandmother alleged that Webb was not the child's father and that he was not fit to have custody of the child. Webb argued that the court had jurisdiction only to hear the habeas corpus petition and that there were other, proper remedies available to the grandmother if she desired to pursue her allegations. The court rejected this argument and ordered an investigation into Webb's fitness to regain his son. Subsequently, a response to the habeas corpus petition was filed alleging that it would be in the best interests of the child if custody were awarded to the grandmother. The parties later stipulated in writing, as required by 17A A.R.S., Sup.Ct.Rules, rule 46, that a commissioner could hear the habeas corpus petition. At the hearing, Webb again raised the issue of the jurisdiction of the court to hear any matters other than the petition. The court rejected this argument and heard evidence concerning Webb's fitness to have custody of his son. At the conclusion of the hearing, the court made, inter alia, the following Findings of Fact and Conclusions of Law:

## "FINDINGS OF FACT

1. That Edward Webb is the natural father of Kevin Michael Webb, a minor, by reason of the birth certificate dated November 14, 1974.

2. That the natural mother of Kevin Michael Webb is deceased.

\*     \*     \*     \*     \*     \*

4. That Edward Webb has neglected or willfully abused Kevin Michael Webb as defined in A.R.S. 8–531, and that Kevin Michael Webb is therefore a dependent child as defined in A.R.S. 8–546.

\*     \*     \*     \*     \*     \*

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this matter by virtue of A.R.S. 13–4121, et seq., and 8–532.

\*     \*     \*     \*     \*     \*

3. That this Court is sitting as a Juvenile Court.

4. That Kevin Michael Webb is a dependent child as defined in A.R.S. 8–546."

The court ordered that temporary care, custody and control be awarded to the Department of Economic Security with instructions that the child be placed in the home of the grandmother. It also denied the petition for habeas corpus.

We find that the assertion of jurisdiction by the court under A.R.S. Sec. 8–532 was erroneous and reverse the order as it pertains to the finding of dependency and the awarding of custody to the state. We also find that the denial of the petition for habeas corpus was incorrect and reverse as to that part of the order.

A.R.S. Sec. 8–532, upon which the commissioner based his jurisdiction, states:

"The juvenile court shall have exclusive original jurisdiction over petitions to terminate the parent-child relationship when the child involved is present in the state." [Juvenile court is defined in A.R.S. Sec. 8-531(7) as "the juvenile division of the superior court."]

■ The commissioner hearing this case is not the juvenile judge in Pima County nor was he sitting by designation in the juvenile division of the superior court. He therefore could not exercise subject matter jurisdiction. Nor could the parties by consent give the court jurisdiction over subject matter which it would otherwise not have. *Porter v. Porter*, 101 Ariz. 131, 416 P.2d 564 (1966); *Kelly v. Kelly*, 24 Ariz.App. 582, 540 P.2d 201 (1975).

■ Because appellate jurisdiction is derivative, when jurisdiction is lacking in the trial court, it is lacking on appeal. *In re Estate of Alfaro*, 18 Ariz.App. 173, 500 P.2d 1161 (1972); *Riley v. County of Cochise*, 10 Ariz.App. 55, 455 P.2d 1005 (1969).

Appellee maintained during the hearing and also on appeal that the commissioner could exercise jurisdiction under A.R.S. Sec. 25–331(B)(2), citing *Smart v. Cantor*, 117 Ariz. 539, 574 P.2d 27 (1977), for the proposition that in a habeas corpus hearing dealing with child custody, the paramount concern is the best interest of the child.

Arizona has adopted certain portions of the Uniform Marriage and Divorce Act, among which are the statutes dealing with child custody. A.R.S. Sec. 25–331(B)(2) is taken from Sec. 401 of the Act and the Commissioner's Note to that section states: " * * * subsection (d)(2) [A.R.S. § 25–331(B)(2)] makes it clear that if one of the parents has physical custody of the child, a non-parent may not bring an action to contest that parent's right to continuing custody under the 'best interest of the child' standard of Section 402. [A.R.S. § 25–332] If a non-parent (a grandparent or an aunt or uncle, perhaps) wants to acquire custody, he must commence proceedings under the far more stringent standards for intervention provided in the typical Juvenile Court Act." 9A Uniform Laws Annotated, Marriage & Divorce Act, Sec. 401, p. 194 (Parenthesis in original)

■ "Physical custody" as used in the statute relates to the custodial rights involved in the care and control of the child. Physical custody in this sense does not equate to having actual, immediate control of the physical presence of the child, rather it is the legal right to control the child. *Henderson v. Henderson*, Mont., 568 P.2d 177 (1977). Here, the father had not relinquished his legal rights to his son, therefore the grandmother had no standing under A.R.S. Sec. 25–331(B)(2).

■ The result of this statutory examination is that the court below had jurisdiction only to hear the habeas corpus petition. The question to be answered in ruling on this petition is: Is Webb the natural father of the minor child and the sole surviving parent of the child?

The court answered in the affirmative in its Findings of Fact No. 1 and 2, supra. The decision of the trial court will not be disturbed on appeal unless it is clearly incorrect. *State v. Janise*, 116 Ariz. 557, 570 P.2d 499 (1977); *Visco v. Universal Refuse Removal Company*, 11 Ariz.App. 73, 462 P.2d 90 (1969). Here the denial of the petition was clearly in error and must be reversed.

■ We can appreciate the court's concern for the welfare of the minor child and its desire to act in his best interest. However, when the state deprives a parent of the fundamental right to raise his child, the proceedings must be conducted in strict compliance with the statutes involved and under the aegis of the due process and equal protection clauses of the Fourteenth Amendment. *Appeal in Pima County, Juvenile Action No. J–46735 v. Howard*, 112 Ariz. 170, 540 P.2d 642 (1975); *In re Appeal in Maricopa County, Juvenile Action No. JS–734*, 25 Ariz.App. 333, 543 P.2d 454 (1976). Appellee's concern for the welfare of the child should be directed through the statutory remedies available to her in the juvenile court. *Cf., Henderson v. Henderson*, supra.

Having determined that the trial court had no jurisdiction to hear other than the habeas corpus petition, it is unnecessary to address appellant's other arguments.

Remanded for disposition in accordance with this opinion.

HOWARD and RICHMOND, JJ., concur.