701 P.2d 567

**Bridget MARSHALL, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF YAVAPAI, Honorable James Sult, a Judge thereof, and Clanton Hazelwood, a single man, and Verona Hazelwood, a married woman, as real party in interest, Respondents.**

No. 17967–SA.

Supreme Court of Arizona, En Banc.

June 17, 1985.

Chester R. Lockwood, Jr., Prescott, for petitioner.

Lowell A. Jensen, Cottonwood, for respondents.

HOLOHAN, Chief Justice.

Petitioner, Bridget Marshall, filed this special action challenging the jurisdiction of the superior court to award temporary custody of her minor child to the child's paternal grandmother, Verona Hazelwood. We accepted jurisdiction to resolve a conflict in appellate court decisions and because there was no adequate remedy by appeal.

The essential facts are that in August 1984 the Yavapai County Superior Court granted petitioner custody of her minor child pursuant to a child custody decree. The natural father, Clanton Hazelwood, was not successful in obtaining custody, but he and his mother, Verona Hazelwood, were granted visitation rights. The petitioner was ordered not to remove the child from Arizona without court permission. She was also ordered to complete alcohol counseling at the Verde Valley Guidance Clinic within six months of the decree. On November 28, 1984, the petitioner filed notice of completion of the treatment plan.

On December 3, she filed a motion for permission to remove her child from Arizona to take up permanent residence in the state of Washington. Clanton Hazelwood, as natural father, and Verona Hazelwood, as intervenor, opposed petitioner's request, and they petitioned the court for temporary custody of the child. The trial court conducted a hearing on December 12. At the conclusion of the hearing, the respondent judge ordered that temporary custody of the child be transferred to the respondent grandmother. The trial judge expressed reservation about the authority of the court to grant custody to the grandmother. He requested that counsel file memoranda addressing the issue of jurisdiction.

On December 18, the respondent trial court considered counsels' jurisdictional arguments, and the court upheld its change of custody to the grandmother. In reject-

ing petitioner's argument that A.R.S. § 25–331 does not permit grandparental custody where the child is in the physical custody of one of the parents, the trial court, by minute entry, ruled:

that this section deals only with the institution of a proceeding and does not affect the Court's power as to the end result of such a proceeding, i.e., the award of custody. If the proceeding has been properly instituted so as to confer jurisdiction on the Court, the Court is not limited and may remove custody from a parent and vest it in a grandparent so long as it is in the best interests of the child. This was the result in *Gowland v. Martin*, 21 Ariz.App. 495 [520 P.2d 1172] (1974) and the enactment of Section 25–331 does not change this.

It should be noted the original proceeding which was initially heard on August 14 was instituted by Petitioner, the natural mother. Moreover, the continued hearing of December 12 was sought by Petitioner and the request for change of the temporary custody was sought by Respondent, the natural father. Consequently, this Court initially acquired proper jurisdiction which continued and does have the authority to make an award of custody to one other than a natural parent.

In addition to the legal ruling, the trial court set forth its finding from the evidence that petitioner had continued to regularly abuse alcohol, was unable to maintain steady employment, all of which "disclose[d] an immaturity inconsistent with the responsibilities of raising a child."

The petitioner filed a motion for reconsideration arguing that it was a denial of due process to hold a custody modification hearing without prior notice and that the court lacked jurisdiction to grant custody to the grandmother. The trial court granted the motion only as to the due process issue, and ordered a new hearing on change of custody. From that ruling, petitioner filed this special action. We accepted jurisdiction, stayed the enforcement of

the temporary custody order, and now vacate that order.

■ In Arizona, custody of a minor child can be obtained pursuant to either the child custody provisions of the domestic relations laws, A.R.S. §§ 25–331 through –339, or the juvenile code, A.R.S. §§ 8–201 through –601.[1] Both the domestic relations and the juvenile codes apply to custodial disposition of minor children, but the requirements for maintaining an action, and obtaining custody, under each of the codes differ significantly. The domestic relations provisions are concerned primarily with custody disputes between parents, or disputes involving other persons where there is no longer a custodial parent. The juvenile code, however, deals with the narrower issues of neglect and abuse and involves the interests of the state in the well being and welfare of children. Although, in some instances, a person can proceed under either the domestic relations or the juvenile code, the statutory provisions of each clearly designate different elements necessary for maintaining each action. *Compare* A.R.S. § 25–331 and A.R.S. §§ 8–201(11), –202.

Under A.R.S. § 25–331(B), a custody proceeding in superior court is commenced:

1. By a parent, by filing a petition:

(a) For dissolution or legal separation; or

(b) For custody of the child in the county in which the child is permanently resident or found; or

2. By a person other than a parent, by filing a petition for custody of the child in the county in which he is permanently resident or found, *but only if he*

*is not in the physical custody of one of his parents.*

*Id.* (emphasis added).

■ The domestic relations provisions of the Arizona Revised Statutes were adopted from the Uniform Marriage and Divorce Act [hereinafter as UMDA] in 1973. Section 401 of the UMDA is the model for A.R.S. § 25–331. The commentary to UMDA § 401, cited with approval in *Webb v. Charles*, 125 Ariz. 558, 561, 611 P.2d 562, 565 (App.1980), supports the conclusion that a non-parent cannot intervene for custody in the superior court where a child remains in the physical custody of one of his parents:

[I]f one of the parents has physical custody of the child, a non-parent may not bring an action to contest that parent's right to continuing custody under the "best interest of the child" standard of Section 402. If a non-parent (a grandparent or an aunt or uncle, perhaps) wants to acquire custody, he must commence proceedings under the far more stringent standards for intervention provided in the typical Juvenile Court Act. In short, this subsection has been devised to protect the "parental rights" of custodial parents and to insure that intrusions upon those rights will occur only when the care the parent is providing the child falls short of the minimum standard imposed by the community at large—the standard incorporated in the neglect or delinquency definitions of the state's Juvenile Court Act. * * *

UMDA § 401 (commissioners' note), 9A U.L.A. 194–95 (1979).[2] Other jurisdictions which have adopted this UMDA provision have read it to preclude standing for third-parties where a parent retains custody of a

---

**1.** The probate code also contains related provisions for guardianship of minors, *see* A.R.S. §§ 14–5201 through –5212. These provisions are not at issue in the present action.

**2.** The final sentence in the Commissioner's Note to § 401 of the U.M.D.A. reads:

Once a custody proceeding is commenced, the court should be able to hear the views of all interested persons; Subsection (d) therefore authorizes the judge to permit intervention by

relatives who would not have been allowed to commence an action.

*Id.* We agree that non-parents may intervene in order to offer their views on which parent would provide the better custodial environment for the child. The right of the intervenor extends no further, however, since the court has no power to award custody to anyone but a parent under A.R.S. § 25–331(B)(1).

child. *See Henderson v. Henderson,* 174 Mont. 1, 5, 568 P.2d 177, 179 (1977) (aunt without standing to commence custody proceeding where children under legal control of parent); *In re Custody of Barokas,* 109 Ill.App.3d 536, 541–42, 65 Ill.Dec. 181, 185–86, 440 N.E.2d 1036, 1040–41 (1982) (nonparent without standing to commence custody proceeding where parent in legal control of child); *cf. In re Custody of Menconi,* 117 Ill.App.3d 394, 399, 73 Ill.Dec. 10, 14, 453 N.E.2d 835, 839 (1983) (grandparental standing where custody relinquished by parent).

■■■ The respondent trial court apparently believed that if a proceeding was properly commenced by a parent in the first instance under A.R.S. § 25–331(B)(1), a grandparent could then intervene and be awarded custody under the "best interest" standard. The petitioner had petitioned the court for a custody determination in August 1984, and the respondent father sought a change of custody at the December 12 hearing; therefore, the trial court reasoned, it retained jurisdiction to change custody. The trial court relied on *Gowland v. Martin,* 21 Ariz.App. 495, 520 P.2d 1172 (1974) as authority to transfer custody to a grandparent. Since *Gowland* was decided prior to the adoption of the current version of A.R.S. § 25–331, it cannot be said to have any further vitality. The correct position is set forth in *Webb v. Charles,* 125 Ariz. 558, 611 P.2d 562 (App. 1980). The Court of Appeals in *Webb* rejected the argument, advanced by a maternal grandmother in a custody dispute, that A.R.S. § 25–331(B) permitted a custody award in her favor by the superior court even though legal right to the child was retained by a parent. *Id.* at 561, 611 P.2d at 565. The court held that where a natural father "had not relinquished his legal rights to his son, . . . the grandmother had no standing under A.R.S. § 25–331(B)(2)." *Id.* We agree. In the instant case the respondent judge acted in excess of his jurisdiction in transferring custody of the child from her mother to her grandmother.

■■■ In those instances in which neither parent is fit the law provides a remedy. Any party may petition the juvenile court to have a child declared a "dependent" child as that term is defined in the juvenile code. Under the code, a "dependent child" is one adjudicated to be:

(a) In need of proper and effective parental care and control and has no parent or guardian, or one who has no parent or guardian willing to exercise or capable of exercising such care and control.

(b) Destitute or who is not provided with the necessities of life, or who is not provided with a home or suitable place of abode, or whose home is unfit for him by reason of abuse, neglect, cruelty or depravity by either of his parents, his guardian, or other person having his custody or care.

\* \* \* \* \* \*

A.R.S. 8–201(11)(a) and (b). The juvenile court has exclusive original jurisdiction to determine the disposition of children who fall within its authority, A.R.S. § 8–202(A), and its orders "take precedence over any order of any other court of this state excepting the court of appeals and the supreme court." A.R.S. § 8–202(D). In a dependency action, the focus of the proceeding is on whether a parent or guardian is exercising appropriate "care or control," or providing a fit household, not simply on comparative rights to custody as under the domestic relations laws. *See Evans v. Evans,* 116 Ariz. 302, 306, 569 P.2d 244, 248 (App.1977). The juvenile court is not required to grant custody to a petitioning party. The statute, A.R.S. § 8–241(A), authorizes the juvenile court to award a dependent child to the custody of any of a number of listed private or public placements found to be in the child's best interest.

Finding that the trial court erred in granting temporary custody to the respondent Verona Hazelwood, we vacate the order for temporary custody, and the trial court is directed to dismiss without preju-

dice the petition of respondent Verona Hazelwood for custody of the child.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.