815 P.2d 925

**Jesus A. OLVERA, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF YUMA, the Honorable B.L. Helm, a judge thereof, Respondent Judge,**

**and**

**Joan D. OLVERA, Real Party in Interest.**

**No. 1 CA–SA 91–067.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 13, 1991.

Jensen & Irwin by Bruce A. Jensen, Yuma, for petitioner.

Barbara Goodier, Yuma, for real party in interest.

## OPINION

SHELLEY, Judge.

Jesus Olvera (petitioner) filed an action for dissolution of marriage in the Yuma County Superior Court. His wife, Joan D. Olvera (respondent) is the defendant in that action and the real party in interest in this action. The parties were married on September 6, 1981. Petitioner is the natural father of a 12–year old girl, the issue of a prior marriage. In the dissolution action of the prior marriage, petitioner was awarded custody of his daughter. Respondent resided with petitioner and his minor child from September, 1981, until September, 1990. In response to the petition for dissolution, respondent stated that the child was not an issue of their marriage. However, respondent alleged that she had been the "primary caretaker" of the child since 1981 and that it would be in the child's best interest to have custody awarded to respondent. At an order to show cause hearing on August 13, 1990, respondent was awarded temporary custody of the child. Petitioner objected on the grounds that in an action for dissolution of a marriage, the court lacked jurisdiction to decide custody of a child not the issue of the marriage. Subsequently, the temporary custody of the child was given to the Department of Economic Security. However, on February 20, 1991, the court restored temporary custody to the respondent over petitioner's jurisdictional objections.

Petitioner filed a special action with this court asserting that the trial court lacked jurisdiction to grant custody to a non-parent in a domestic relations action. We accepted jurisdiction and granted relief with this decision to follow. We hold that the trial court lacked jurisdiction to grant custody, either temporary or permanent, to the non-parent respondent.

In *Marshall v. Superior Ct. In & For Yavapai County,* 145 Ariz. 309, 311, 701 P.2d 567, 569 (1985), our supreme court stated:

> In Arizona, custody of a minor child can be obtained pursuant to either the child custody provisions of the domestic relations laws, A.R.S. §§ 25–331 through –339, or the juvenile code, A.R.S. §§ 8–201 through –601. Both the domestic relations and the juvenile codes apply to custodial disposition of minor children, but the requirements for maintaining an action, and obtaining custody, under each of the codes differ significantly. *The domestic relations provisions are concerned primarily with custody disputes between parents, or disputes involving other persons where there is no longer a custodial parent.* The juvenile code, however, deals with the narrower issues of neglect and abuse and involves the interests of the state in the well being and welfare of children. Although, in some instances, a person can proceed under either the domestic relations or the juvenile code, the statutory provisions of each clearly designate different elements necessary for maintaining each action. *Compare* A.R.S. § 25–331 and A.R.S. §§ 8–201(11), –202.

> Under A.R.S. § 25–331(B), a custody proceeding in superior court is commenced:

> . . . .

> 2. By a person other than a parent, by filing a petition for custody of the child in the county in which he is permanently resident or found, *but only if he is not in the physical custody of one of his parents.*

> *Id.* [Emphasis added.]

The domestic relations provisions of the Arizona Revised Statutes were adopted from the Uniform Marriage and Divorce Act [hereinafter as UMDA] in 1973. Section 401 of the UMDA is the model for A.R.S. § 25–331. The commentary to UMDA § 401, cited with approval in *Webb v. Charles,* 125 Ariz. 558, 561, 611 P.2d 562, 565 (App.1980), supports the conclusion that a non-parent cannot intervene for custody in the superior court where a child remains in the physical custody of one of his parents:

> [I]f one of the parents has physical custody of the child, a non-parent may not bring an action to contest that parent's right to continuing custody under the 'best interest of the child' standard of Section 402. If a non-parent (a grandparent or an aunt or uncle, perhaps) wants to acquire custody, he must commence proceedings under the far more stringent standards for intervention provided in the typical Juvenile Court Act. In short, this subsection has been devised to protect the 'parental rights' of custodial parents and to insure that intrusions upon those rights will occur only when the care the parent is providing the child falls short of the minimum standard imposed by the community at large—the standard incorporated in the neglect or delinquency definitions of the state's Juvenile Court Act ...

UMDA § 401 (commissioners' note), 9A U.L.A. 194–95 (1979).*

Marshall interprets the domestic relations statutes to preclude the grant of custody to a non-parent in a domestic relations action. The case of *Villareal v. State Dep't of Transport.,* 160 Ariz. 474, 480, 774 P.2d 213, 218 (1989), involved a lawsuit for parental consortium because of serious injury to their father. Our supreme court stated:

Sun Valley argues that recognizing this action will cause unlimited claim multiplication and great difficulty for trial courts in determining who is a proper plaintiff. A proper plaintiff is a child whose parent has been injured. *We limit our definition of parent to include biological and adoptive parents.* Injuries to siblings, grandparents, other relatives, or friends do not qualify as an injury to a parent for purposes of this claim. [Emphasis added.]

The definition of "parent" does not include a stepparent in domestic relations cases.

■ Respondent asserts that the case of *Bryan v. Bryan,* 132 Ariz. 353, 355–56, 645 P.2d 1267, 1269–70 (App.1982), holds that the trial court has jurisdiction to award custody to a stepparent in a dissolution action. We disagree with *Bryan.* The only question presented in *Bryan* was whether the stepfather who stands *in loco parentis* to a stepchild may be granted visitation rights when the marriage of the stepparent and the child's natural parent is dissolved. The appellate court affirmed the trial court's order awarding visitation rights to the stepfather. The court stated:

### JURISDICTION

■ Visitation rights, whether viewed as a limited form of custody or as a limitation upon the custody rights of another, may be granted only in a jurisdictionally sound custody proceeding. The appellant contends that the court in a marriage dissolution has jurisdiction to determine custody only if both parties to the proceeding are parents of the child.

■ Jurisdiction to determine custody in a dissolution proceeding is controlled by A.R.S. § 25–331:

> A. Jurisdiction for child custody proceedings will be governed by title 8, chapter 4, article 1.

*Id.* We agree that non-parents may intervene in order to offer their views on which parent would provide the better custodial environment for the child. The right of the intervenor extends no further, however, *since the court has no power to award custody to anyone but a parent under A.R.S. § 25–331(B)(1)* [emphasis added].

---

* The final sentence in the Commissioner's Note to § 401 of the U.M.D.A. reads:

Once a custody proceeding is commenced, the court should be able to hear the views of all interested persons; Subsection (d) therefore authorizes the judge to permit intervention by relatives who would not have been allowed to commence an action.

B. A child custody proceeding is commenced in the superior court:

1. By a parent, by filing a petition:

(a) For dissolution or legal separation; or

(b) For custody of the child in the county in which the child is permanently resident or found; or

2. By a person other than a parent, by filing a petition for custody of the child in the county in which he is permanently resident or found, but only if he is not in the physical custody of one of his parents.

... It is also undisputed that the appellant, a 'parent' under any reasonable definition of that term, filed the petition for dissolution that began the proceeding below. A literal reading of A.R.S. § 25–331(B)(1)(a) would therefore indicate that the appellant, by filing her petition, also commenced a child custody proceeding.

The appellant, however, argues that this statute is ambiguous and should not be read literally. The legislature, she contends, did not intend for custody of children to be determined in a marriage dissolution unless both parties are parents of the child. A careful review of past and present statutes, however, reveals several indications that the legislature did not intend to limit custody jurisdiction in that manner.

Previous divorce statutes of this state did contain language that arguably limited the divorce court's custody jurisdiction to children born to, or adopted by, the parties. A.R.S. § 25–319, as it existed before the 1973 revision of title 25, granted jurisdiction to determine custody of 'minor children of the parties.' That statute's immediate predecessor, § 27–810 of the Code of 1939, granted jurisdiction as to 'children of the marriage.' Such language has been held to deprive the court of jurisdiction to determine custody under circumstances similar to those of this case. *Perry v. Superior Court,* 108 Cal.App.3d 480, 166 Cal.Rptr. 583 (1980). *But see State v. Taylor,* 125 Kan. 594, 264 P. 1069 (1928) (holding that a stepchild is a 'child of the marriage' where the stepparent stands *in loco parentis*). Similar limiting language does not appear in the present statute.

Such language does appear, however, in another statute. A.R.S. § 25–312 lists the findings that must be made before a decree of dissolution may be entered. Paragraph 4 of that section requires a finding that:

To the extent it has jurisdiction to do so, the court has considered, approved and made provision for child custody, the support of any natural or adopted child common to the parties of the marriage entitled to support, the maintenance of either spouse and the disposition of property.

*We find it significant that the limiting phrase 'common to the parties of the marriage' appears only in the clause of the statute concerning child support, and not in the clause concerning child custody.* It appears that the legislature intended to retain the previously established rule that a stepparent could not be required to pay child support, *e.g., Needel v. Needel,* 15 Ariz.App. 471, 489 P.2d 729 (1971), but assumed that children not 'common to the parties' would nevertheless be subject to the court's jurisdiction to determine matters of custody. *See In re Marriage of Allen,* 28 Wash.App. 637, 626 P.2d 16 (1981). [Footnote omitted.] [Emphasis added.]

However, the requirement that the child be "common to the parties" is contained not only in the clause with regard to child support, but it is also set forth in A.R.S. § 25–314(A)(3) as follows:

A. The verified petition in a proceeding for dissolution of marriage or legal separation shall allege that the marriage is irretrievably broken or one or both of the parties desire to live separate and apart, whichever is appropriate, and shall set forth:

The names, birth dates and addresses *of all living children, natural or adopted, common to the parties*.... [Emphasis added.]

Since the verified petition for dissolution must set forth the names of all living children, natural or adopted, common to the parties, it is reasonable to conclude that jurisdiction in domestic relations cases is limited, with one exception, to children common to the parties. It is our opinion that the legislature intended, with one exception, that custody of a child could be awarded in a domestic relations action only if the child is common to the parties of the marriage. The only exception is set forth in A.R.S. § 25–331(B)(2) which applies only if the child is not in the physical custody of one of his parents. As stated in *Marshall:*

> [T]he court has no power to award custody to anyone but a parent under A.R.S. § 25–331(B)(1).

*Marshall v. Superior Court In & For Yavapai County,* 145 Ariz. 309, 311 n. 2, 701 P.2d 567, 569 n. 2 (1985).

The trial court did not have jurisdiction to award custody, either temporary or permanent, to respondent. The judgment of the trial court is reversed. This case is remanded for further proceedings consistent with this opinion.

VOSS, P.J., and GRANT, J., concur.