NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ANGELICA ZEPURE RIZIK, *Petitioner*,

*v.*

THE HONORABLE CHARLENE JACKSON, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge,*

JAKE WILLIAM VIRNIG, *Real Party in Interest.*

No. 1 CA-SA 23-0132
FILED 8-3-2023

---

Petition for Special Action from the Superior Court in Maricopa County
No. FC2020-097136
The Honorable Charlene D. Jackson, Judge

**JURISDICTION ACCEPTED AND RELIEF DENIED**

---

COUNSEL

Jaburg & Wilk, P.C., Phoenix
By Kathi Mann Sandweiss
*Counsel for Petitioner*

By Peter Swann, Phoenix
*Counsel for Petitioner*

By Sally Duncan, Phoenix
*Counsel for Petitioner*

Stromfors Law Office, P.C., Chandler
By Stephanie A. Stromfors
*Counsel for Petitioner*

Tiffany & Bosco, P.A., Phoenix
By Alexander Poulos, Amy D. Sells
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Chief Judge David B. Gass joined.

---

**F O S T E R**, Judge:

¶1        Angelica Rizik ("Mother") filed a special action petitioning this Court to enjoin family court proceedings regarding five-year-old Z.R. ("Child") until a contemporaneous juvenile court proceeding determines whether to terminate Jake Virnig's ("Father") rights regarding Child. For the following reasons this Court accepts jurisdiction but denies the requested relief.

**FACTS AND PROCEDURAL HISTORY**

¶2        In October 2020, Mother filed a paternity petition in family court to establish Father as Child's father. Mother presented the court with two forms—a Consent to Termination of Parental Right and a Waiver by Parent of Notice of Hearing and Appearance on Petition for Termination of Parent-Child Relationship—purportedly signed by Father. That same month, the family court entered a stipulated order granting Mother sole legal decision-making and allowing Father four hours per week visitation. Mother then petitioned the juvenile court in December to terminate Father's parental rights to Child. After a February 2021 hearing in which Father did not participate, the juvenile court granted the termination.

¶3        In September 2021, Father moved to set aside the juvenile court order on the basis that he had not been notified of the proceedings. A year of litigation ensued and in September 2022, the court vacated the termination order and dismissed the termination petition for lack of jurisdiction based on Mother's failure to properly serve the petition. That same month, Father petitioned the family court in the underlying custody

2

case to modify legal decision-making and parenting time regarding Child. A few days later, Mother filed a new termination action in the juvenile court.

¶4        By the end of 2022, proceedings in both court divisions were underway. Father's petition to modify legal decision-making and parenting time had initially been rejected for failing to establish a change in circumstances. The court allowed him to amend, however, and he filed an amended petition. Mother filed a motion in family court to stay those proceedings, and she filed a motion in juvenile court to stay the termination proceedings. Both motions were denied and both cases proceeded.

¶5        At a hearing in April 2023, Mother requested that the juvenile court order stay the family court matter, but the juvenile court declined to do so: "IT IS ORDERED that the Court takes no position at this time regarding whether the family court proceedings should be stayed and takes no action at this time regarding the issue of parenting time." The juvenile court set dates for an evidentiary hearing on the termination, while noting that there was an upcoming evidentiary hearing on parenting time issues in the family court matter.

¶6        In family court, Mother's motion to stay the proceedings was denied. Mother filed a motion for reconsideration in May, but the family court again denied it. Mother then filed a Petition for Special Action in this Court seeking a stay and asking this Court to declare that the termination proceedings in juvenile court take precedence over proceedings in family court addressing custody and parenting time issues.

¶7        This Court has jurisdiction under A.R.S. § 12-120.21(A)(4) and Arizona Rules for Special Actions 1 and 7.

**DISCUSSION**

¶8        Mother cites A.R.S. § 8-202(B) to argue that the juvenile court has exclusive jurisdiction over matters concerning a minor child. Under that provision, "[t]he juvenile court has exclusive original jurisdiction over all proceedings *brought under the authority of this title* except for delinquency proceedings." (emphasis added). Thus, the juvenile court has exclusive jurisdiction over non-delinquency proceedings brought under Title 8. But Mother's analysis stops short. Here, the family court proceeding to modify legal decision-making and parenting time was not initiated under Title 8, but rather under Title 25. *See* A.R.S. § 25-403(A) ("The court shall determine legal decision-making and parenting time, either originally or on petition for modification, in accordance with the best interests of the child.").

3

Contrary to Mother's position, Section 8-202(B) does not confer exclusive jurisdiction in this case.

¶9        The court rules cited by Mother, and on which she relies, do not support her position. "If pending family law and *dependency proceedings* concern the same parties, the juvenile division has jurisdiction over the children." Ariz. R. Fam. Law P. 5.1(a) (emphasis added); *accord* Ariz. R.P. Juv. Ct. 323(a). But here, Mother filed a *private termination* proceeding in juvenile court, not a *dependency* proceeding. Arizona's court rules, thus, provide Mother no relief.

¶10        Mother next argues that under A.R.S. § 8-202(F), "orders of the juvenile court under the authority of this chapter or chapter 3 or 4 of this title take precedence over any order of any other court of this state except [in two irrelevant scenarios]." Although true, Mother's argument again stops short. The juvenile court's order made clear it "[took] no position at this time regarding whether the family court proceedings should be stayed and [took] no action at this time regarding the issue of parenting time." Thus, there is no juvenile court order that conflicts with the pending proceedings in family court. Indeed, the juvenile court's authority will take precedence only if the juvenile court grants mother's private termination petition.

¶11        Mother relies on several cases to support her position, but those cases are distinguishable. *See Marshall v. Superior Court*, 145 Ariz. 309, 312 (1985) (juvenile court would have exclusive jurisdiction in a dependency proceeding); *Michael M. v. Dep't of Econ. Sec.*, 217 Ariz. 230, 234, ¶ 16-17 (App. 2007) (dependency); *Blevins v. Superior Court*, 19 Ariz. App. 314, 315 (1973) (divorce court had no jurisdiction regarding custody once minor child became the juvenile court's ward); *Mena v. Mena*, 14 Ariz. App. 357, 358 (1971) (reversing divorce court's order regarding custody after juvenile court obtained exclusive jurisdiction); *McClendon v. Superior Court*, 6 Ariz. App. 497, 500 (1967) (juvenile court acquires exclusive jurisdiction when the court "assumes jurisdiction over a child" as it did with a delinquency proceeding). Here, the juvenile proceedings do not involve a dependency, and the juvenile court has expressly declined to address parenting time issues. The cases on which Mother relies are thus inapposite.

¶12        Mother notes that therapeutic visitations and home studies with Father may be mooted by the termination proceedings. But until a determination has been made in the termination proceedings, Father retains his parental rights, and this Court will not usurp the superior court's handling of the matter. *Santosky v. Kramer*, 455 U.S., 745, 753 (1982).

¶13        Finally, Mother acknowledges that the current family court orders remain in place and that Father has the right to exercise parenting time under them. Indeed, Mother did not ask to stay those orders, nor did she seek to modify Father's visitation order. She argues that her pending private termination petition should usurp the family court proceedings but not the existing orders. This argument is internally inconsistent and is unpersuasive.

## CONCLUSION

¶14        For the foregoing reasons, this Court accepts jurisdiction and denies Mother's request to stay the family court proceedings. The temporary stay issued by this Court is lifted.



AMY M. WOOD • Clerk of the Court
FILED:    AA