483 P.2d 589

Luis C. MENA, Appellant,

v.

Antonia Rascon MENA, Appellee.

No. 2 CA–CIV 828.

Court of Appeals of Arizona, Division 2.

April 13, 1971.

Rehearing Denied June 2, 1971.

R. Lamar Couser, Tucson, for appellant.

Legal Aid Society by Emojean K. Girard, Tucson, for appellee.

KRUCKER, Chief Judge.

This appeal is from a divorce decree granting custody of the parties' children to the wife-appellee (defendant-counterclaimant below), who was also awarded a divorce. The appellant-husband was the

plaintiff below. The parties will hereinafter be referred to as husband and wife.

The question raised by this appeal is the jurisdiction of the divorce court to award custody of children who were under the jurisdiction of the juvenile court at the time of the divorce court's decree.

The facts here are that on February 4, 1969, the husband filed a complaint for divorce, to which the wife answered and counterclaimed. It appears by order of the juvenile court dated April 21, 1969, that sometime prior to that date the children in question came under the "exclusive jurisdiction" of that court. This order, "on stipulation of counsel," states:

> "* * * that Judge Lee Garrett may hear and decide all matters involved herein, including the custody of the children, and may make any and all orders concerning the custody of the children, it being the intention of Juvenile Court to relinquish the right to hear all these matters and permit Judge Garrett to hear the same."

Judge Garrett heard a show cause proceeding on June 9, 1969, and his order pendente lite on July 1, 1969, was that custody remain with the juvenile court. The divorce decree filed September 16, 1969, awarded custody to the wife, subject to reasonable visitation rights in the husband.

It is clear to us that the divorce court did not have the jurisdiction to make an order with regard to the custody of the children who were in the exclusive jurisdiction of the juvenile court. McClendon v. Superior Court, 6 Ariz.App. 497, 433

P.2d 989 (1967). The stipulation of counsel as to the order above was ineffective as jurisdiction cannot be waived or vested by such a procedure. Nor is the failure of the husband's counsel to object to the divorce court's award of custody fatal to this appeal in that, again, jurisdictional defects cannot be waived.

Since the jurisdiction of the juvenile court had not terminated[1] at the time the subject divorce decree was entered, the custody award was contrary to our holding in *McClendon,* supra. We therefore must reverse the judgment as to the custody determination. However, we do not anticipate that this problem will arise in the future since the legislative mandate of A.R.S. § 8–202, subsec. C, as amended, 1970, will control:

> "The orders of the juvenile court under the authority of this chapter shall, to the extent that they are inconsistent therewith, take precedence over any order of any other court of this state excepting the court of appeals and the supreme court."

Reversed and remanded for further proceedings not inconsistent herewith.

HATHAWAY, J., and LAWRENCE W. GALLIGAN, Superior Court Judge. concur.

Note: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge LAWRENCE W. GALLIGAN was called to sit in his stead and participate in the determination of this decision.

---

1. Although not part of the record on appeal, and therefore inappropriate for appellate consideration, an exhibit appended to the wife's brief indicates that an order of the juvenile court, dated March 20, 1970, terminated juvenile court jurisdiction, with custody of the children given to the mother.