506 P.2d 1099

William L. BLEVINS, Patricia L. Blevins and William E. Blevins, Sr., Petitioners,

v.

SUPERIOR COURT, IN AND FOR the COUNTY OF PINAL, Respondent,

and

Laverne BLEVINS, by her Guardian ad Litem, Josie Hernandez, Real Party In Interest.

No. 2 CA–CIV 1395.

Court of Appeals of Arizona, Division 2.

March 8, 1973.

---

W. Roy Tribble and Thomas B. Burns, Jr., Chandler, for petitioners.

Charles W. Stokes, Casa Grande, for real party in interest.

HOWARD, Judge.

This special action questions the jurisdiction of the respondent court to award temporary custody of a minor child to the respondent real party in interest, defendant in a pending divorce action. Since the jurisdictional challenge is well taken, we grant relief.

On November 15, 1972, the minor was adjudicated a dependent child by the Juvenile Court of Pinal County and declared a ward of the court. He was placed in the

temporary care and custody of his paternal grandparents. Approximately one month later, the child's father filed a complaint for divorce in superior court and requested custody of the child. Real party in interest filed an answer and counterclaim and also requested custody of the child.

On February 26, 1973, pursuant to the mother's order to show cause, a hearing was held in the respondent court and temporary custody of the child was awarded to the mother. The court also granted her permission to take the child to the State of Washington where her parents resided.

 Petitioners claim that the "divorce court" had no jurisdiction to hear or determine the question of custody while the minor child was a ward of the juvenile court. We agree with their position. In the cases of McClendon v. Superior Court, 6 Ariz.App. 497, 433 P.2d 989 (1967) and Mena v. Mena, 14 Ariz.App. 357, 483 P.2d 589 (1971), we held that a divorce court is without jurisdiction to make custodial orders with respect to a child who is in the exclusive jurisdiction of the juvenile court. In *Mena*, we specifically noted that the new Juvenile Code enacted in 1970 recognizes this priority of jurisdiction. *See*, A.R.S. § 8–202, subsec. C, as amended.

Since the divorce court lacked jurisdiction as to custody of the child, its custodial award was a nullity. We therefore direct that it be vacated—only the juvenile court, at this juncture, can hear and determine the custody question.[1]

HATHAWAY, C. J., and KRUCKER, J., concur.

---

1. A minute entry of the respondent court, dated February 28, 1973, has been filed in this court. It recites: "IT IS HEREBY ORDERED setting aside the Order for Temporary Custody dated November 15, 1972, in Juvenile Case #J–2634, and FURTHER ORDERED granting custody of the minor child, William Everett Blevins, Jr., to the mother, Lavern

Blevins, in accordance with the ruling of Judge McBryde on February 26, 1973, in the above entitled cause."

This minute entry has no more legal efficacy than the February 26th order challenged in this special action since it is but another order of the divorce court while the exclusive jurisdiction of the juvenile court still exists.