912 P.2d 1306

**In the Matter of the APPEAL IN PIMA COUNTY JUVENILE DEPENDENCY ACTION NO. 118537.**

**No. 2 CA–JV 94–0013.**

Court of Appeals of Arizona, Division 2, Department B.

Sept. 20, 1994.

Redesignated as Opinion and Publication Ordered Aug. 24, 1995.

---

Suzanne Laursen, Tucson, for minor.

Karen M. Hayden, Tucson, for mother.

Joan M. Sacramento, Tucson, for father.

Grant Woods, Atty. Gen. by Jay W. McEwen, Tucson, for state.

## OPINION

DRUKE, Chief Judge.

In this appeal, the minors, N. and D., and their parents, challenge the juvenile court's order adjudicating the children dependent as to both parents and precluding the father from living in the home. We affirm for the reasons stated below.

The Arizona Department of Economic Security (ADES) filed a dependency petition in August 1993 alleging that Child Protective Services (CPS) had validated allegations that the father had "severely sexually abused his niece." Before the contested dependency hearing, the parents stipulated that the father was charged with but acquitted of six counts of sexual abuse, two counts of sexual assault, one count of indecent exposure to a person fifteen or older, and one count of furnishing obscene or harmful items to minors; he was convicted of one count of indecent exposure to a person fifteen or older. A condition of the father's probation allowed him unsupervised contact with his children but not others, and required that he live outside the home because of CPS involvement. The petition further alleged that Phillip Balch, Ph.D., concluded that the father did pose a risk to the children, that the father denied abusing the niece and the mother maintained the father did not pose a risk to the children, all of which rendered the children dependent under A.R.S. § 8-201(11)(a) and (b). The children were immediately declared temporary wards of the state and the mother was granted physical custody.

Following a four-day hearing, the juvenile court found that the allegations of the petition had been proven by a preponderance of

the evidence and adjudicated the children dependent. The court directed DES to offer services to the father together with the probation department, emphasizing that DES "needs to act quickly, as the Court would like to review the father's return to the home at the next hearing." We remanded this matter to the juvenile court to state the factual basis for the dependency in accordance with Ariz. R.P.Juv.Ct. 16.1(d), 17B A.R.S., which the court did as follows:

(1) At the time of the filing of the Petition herein, the minors and their parents were domiciled in Pima County, Arizona. Both parents appeared in response to the Dependency Petition and both entered denials through their respective court-appointed attorneys. The Court has jurisdiction over the subject matter, the two children, and their parents.

(2) The respondent father sexually molested his daughters' mentally retarded maternal cousin, [T.]. The Court found [T.] to be a credible witness. The Court found the father to not be credible in his denial of the molest. The father touched the private parts of [T.] against her will. By reason of this depravity the father is unable to adequately parent his own children. The mother is adamant in her position that the father did not molest her niece.... She is unwilling to even acknowledge the possibility of the act. She discouraged her daughters from reporting the allegations made by their cousin. She would take no precautions with regards to the father and as such would not be able to protect the children from the risk presented through the father.

(3) The minor children are dependent children in that they are in need of proper and effective parental care and control, and neither parent is capable of exercising such care and control. Furthermore, their home is unfit for them by reason of the depravity of their father.

 The mother, the father and the children essentially challenge the sufficiency of the evidence to support the court's conclusion that the allegations of the dependency petition were established. We will not disturb the juvenile court's ruling in a dependency action unless the findings upon which it is based are clearly erroneous and there is no reasonable evidence supporting them. *Maricopa County Juvenile Action No. J–75482*, 111 Ariz. 588, 536 P.2d 197 (1975); *Maricopa County Juvenile Action No. JS–4130*, 132 Ariz. 486, 647 P.2d 184 (App.1982). ADES was required to establish the allegations of the petition by a preponderance of the evidence. *Cochise County Juvenile Action No. 5666–J*, 133 Ariz. 157, 650 P.2d 459 (1982). We conclude that the court's findings were amply supported by the evidence.

 We reject at the outset the father's argument that the claim that he sexually abused T. could not be the basis of his children's dependency because he was acquitted of the sexual abuse charges. That the father was acquitted of those charges only means that the state failed to establish the elements of the offenses beyond a reasonable doubt. Because the burden of proof in a dependency proceeding is only a preponderance of the evidence, the acquittal is of no consequence. The juvenile court found there was sufficient evidence under a lesser burden of proof to support a finding that the father had molested T., primarily because the court found T. to be a credible witness and she testified in detail about the molestations. It was for that court, not this court, to assess her credibility. Moreover, corroborating evidence was presented through T.'s therapist, Leilani Oana, and a social worker. Additionally, N. testified that when T. spent the night, her father came into the room where the girls were sleeping at least five or six times a night, that she saw her father move his hand fast around his private part while sitting there, that she had told police that T. had told her that her father touched her breasts and that N. had believed T. because she recalled finding her father in the bedroom with T., the door locked and the blinds and curtains closed. Though a jury may have concluded that the state had not shown beyond a reasonable doubt that T. had been

molested, the juvenile court could conclude by a preponderance of the evidence that he had.

The court was also presented with N.'s testimony that when she told her mother what her father was doing to T., her mother told her not tell anyone because she wanted it to "stay in the house." Clinical psychologist Rachel Burkholder testified that she was concerned for the children's safety were the father to be returned to the home. Given this evidence, the court could reasonably conclude that the father posed a danger to the children and that the mother would not protect them. Additionally, T. testified that when her brother told the mother what the father had done, the mother responded that it would not hold up in court. The mother denied that the molests had occurred and that the children were at risk. Given this evidence, the court could reasonably conclude that the father posed a danger to the children and that the mother would not protect them. Thus, the court did not clearly err in deciding that the father should remain out of the home and that the children were dependent as to both parents.

Affirmed.

ESPINOSA, P.J., and HATHAWAY, J., concur.