172 P.3d 418

**MICHAEL M., Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Elisa M., Melissa M., Appellees.**

**No. 1 CA–JV 07–0097.**

Court of Appeals of Arizona, Division 1, Department E.

Dec. 11, 2007.

---

Janelle A. McEachern, Chandler, Attorneys for Appellant Father.

Terry Goddard, Attorney General by Eric Devany, Assistant Attorney General, Mesa, Attorneys for Arizona Department of Economic Security.

## OPINION

WEISBERG, Judge.

¶ 1 Michael M. ("Father") appeals from the juvenile court's order finding his daughters, Melissa M. and Elisa M., dependent as to him and committing them to the custody, care, and control of Child Protective Services ("CPS"). For reasons that follow, we reverse the order of dependency as to Father and remand this matter for further proceedings consistent with this opinion.

### FACTS AND PROCEDURAL HISTORY

¶ 2 Michael M. and Angela B. ("Mother") are the biological parents of Marylou M., born in May 1995;[1] Melissa M., born in April 1996; and Elisa M., born April 2001. In November 2001, Mother and Father separated. On November 30, 2006, Mother petitioned the Phoenix Municipal Court for an order of protection against Father, alleging that he had gone to her house, pulled out a gun, and threatened to kill everyone in the home, including Elisa and Melissa.[2] The order, which the court granted ex parte, prohibited Father from having any contact with Mother, Elisa, or Melissa for one year from the time of service.[3]

---

1. Marylou is not a party to this appeal.

2. At this time, Marylou was living with Father and was not present at Mother's home.

3. Mother did not request that Marylou be included on the order of protection.

¶ 3 On December 28, 2006, the Arizona Department of Economic Security ("ADES") filed a petition with the juvenile court, alleging that Elisa, Melissa, and Marylou were dependent as to Father and Mother under Arizona Revised Statute ("A.R.S.") section 8–201(13) (2007). ADES asserted that Father was unable to parent the children because he had committed an act of domestic violence. The allegation of domestic violence was based on Mother's order of protection.

¶ 4 On February 2, 2007, the court held an initial hearing in which ADES moved to dismiss its dependency petition as to Father because it determined, after investigation, that the domestic violence allegation against him was false. The court, however, did not dismiss the dependency petition because it was concerned about the order of protection and set another hearing date to review that order.

¶ 5 At the next hearing, ADES again informed the court that there was no evidence to support Mother's allegation of domestic violence. Because Father recently had tested positive for marijuana use, however, ADES no longer wanted to dismiss its petition of dependency against him. Father requested that the juvenile court "entertain a motion to modify or to dismiss" the order of protection so he could participate in ADES services, such as visitation. The court denied his request, stating that "you can't use a dependency adjudication hearing to supersede an order of protection." It further stated that it could not order that the children be returned to Father or adopt a case plan of in-home intervention because it would be contrary to the order of the Phoenix Municipal Court. The court added that if Father was foreclosed from contesting the order of protection, then the finding of dependency as to Father would be "like a summary judgment" and "a dependency as a matter of law."

¶ 6 Father then requested a hearing with the municipal court to contest the order of protection. The municipal court held a hearing and re-affirmed its order of protection. Although the municipal court notified Father of his right to appeal, he failed to do so.

¶ 7 In March, the juvenile court held a pretrial conference in which it addressed Father's motion to quash Mother's order of protection. After being informed that the municipal court had held a hearing on the matter and had left the order of protection in effect, the juvenile court concluded that it had "no appellate authority to change that order. So it remains in place." The court added that because the order of protection was valid for one year, it prevented Father from having Elisa and Melissa in his physical custody for one year "as a matter of law." Although Father asserted that under A.R.S. § 8–202(B) and (F) the juvenile court had the "utmost authority" to make determinations about the care, custody and control of the children and of what is in their best interest, the court concluded that it had "no power to override [the order of protection] or overturn it" because that order had been entered before the dependency proceeding.

¶ 8 The juvenile court held a contested dependency adjudication hearing in April, 2007. At the hearing, ADES filed a motion to withdraw its allegations of domestic violence against Father. It also moved to dismiss the dependency regarding Marylou because she had not been included on the order of protection and to amend the petition to allege that Melissa and Elisa were dependent as to Father because of the protection order. The court heard testimony from Mother, Father, and the CPS case manager. The CPS case manager testified that, aside from the order of protection, CPS had no concerns about Father's ability to parent Melissa and Elisa. In a May 16, 2007 minute entry, the court found Melissa and Elisa dependent as to Father and dismissed the dependency as to Marylou. It stated that:

> The allegations in the dependency petition indicate that the children that are the subject thereof are dependant [sic] as to [Father] due to domestic violence. The factual basis for the dependency are [sic] based on the allegations in the order of protection.

> CPS argues that the children are prevented from being placed in the custody of the father due to the order of protection. As such they are dependant [sic].... Father has asked this court to set aside or even ignore the order of protection. It may not

be ignored, as it is a valid court order. And given the procedural posture of this matter this court does not have the authority to set aside the order of protection.

. . . .

It has been determined by a valid judicial order as to the children Melissa and Elisa, that [F]ather may not have any contact with them and as such is unable to have them in his custody and provide them with any effective parental guidance and control. . . . . [T]he allegations in the petition and the judicial finding that the order should remain in place must result in a finding that there was domestic violence. In this regard this court believes the children are dependant [sic] . . . .

¶ 9 Father timely filed this appeal. We have jurisdiction under A.R.S. §§ 8–235(A) (2007), 12–120.21(A)(1) (2003), and 12–2101(B) (2003).

## STANDARD OF REVIEW

¶ 10 ADES must prove dependency by a preponderance of the evidence. *Pima County Juvenile Dependency Action No. 118537*, 185 Ariz. 77, 79, 912 P.2d 1306, 1308 (App.1994). On review, we will accept the juvenile court's findings of fact unless they are clearly erroneous. *Id.* We review de novo legal issues that require the juvenile court to interpret and apply a statute. *See Ariz. Dep't Econ. Sec. v. Superior Court*, 186 Ariz. 405, 408, 923 P.2d 871, 874 (App.1996).

## DISCUSSION

¶ 11 Father asserts that the juvenile court erred by not accepting jurisdiction of the protection order under A.R.S. § 8–202(G) (2007) [4] and modifying or rescinding it. ADES responds correctly that because Father did not follow the procedures set forth in A.R.S. § 13–3602 (Supp.2006) for contesting an order of protection, the juvenile court did not have the jurisdiction to directly modify or rescind it.

¶ 12 Section 13–3602 sets forth the proper procedure to contest an order of protection,

entitling a party to one hearing and an appeal to the superior court. *See* A.R.S. 13–3602(I), (P). Although A.R.S. § 8–202(G) (2007) gives the juvenile court jurisdiction over a child, it does not give the court jurisdiction over protective orders relating to that child. Here, Father requested and obtained a hearing with the municipal court, which affirmed the order of protection, and Father failed to appeal. Thus, the juvenile court lacked jurisdiction over the protection order and accordingly did not have the power to modify or rescind it.

¶ 13 Nonetheless, this does not end our inquiry. Although not directly argued, Father's brief in effect asserts that the municipal court's order of protection cannot limit the juvenile court's authority under A.R.S. § 802(F) and (G) to resolve a case in the child's best interest. ADES, however, contends that only pre-existing juvenile court orders take precedence over orders from other courts because the statute does not give the juvenile court authority to "circumvent the orders of other courts where it has not already acquired jurisdiction and issued its own orders." Because this case presents a question of statutory interpretation, it is appropriate that we resolve the issue even if it has not been well developed on appeal. *See Evenstad v. State*, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App.1993) ("If application of a legal principle, even if not raised below, would dispose of an action on appeal and correctly explain the law, it is appropriate for us to consider the issue.").

¶ 14 Although A.R.S. § 8–202 should not be regarded as an indirect method for appealing an order of protection, we nevertheless conclude that the juvenile court has authority under § 8–202(F) to issue orders that take precedence over a pre-existing municipal court order of protection and therefore supersede it. When interpreting a statute, we first examine the statutory language. *Id.* If the language is plain and unambiguous, we apply it without employing the other rules of statutory construction. *Ariz. Dep't Econ.*

---

4. Section 8–202(G) states that "[e]xcept as otherwise provided by law, jurisdiction of a child that is obtained by the juvenile court in a proceeding under this chapter . . . shall be retained by it, for the purposes of implementing the orders made and filed in that proceeding. . . ."

*Sec.*, 186 Ariz. at 408, 923 P.2d at 874. We will not construe a statute "to require something not within the plain intent of the legislature expressed by the language of the statute." *Mary Lou C. v. Ariz. Dep't Econ. Sec.*, 207 Ariz. 43, 47, ¶ 9, 83 P.3d 43, 47 (App.2004)(quoting *State v. Affordable Bail Bonds*, 198 Ariz. 34, 37, ¶ 13, 6 P.3d 339, 342 (App.2000)).

¶ 15 Section 8–202(F) provides that "[t]he orders of the juvenile court under the authority of this chapter ... take precedence over *any order of any other court* of this state except the court of appeals and the supreme court to the extent that they are inconsistent with orders of other courts." A.R.S. § 8–202(F)(emphasis added). Although ADES asserts that only pre-existing orders of the juvenile court take precedence, § 8–202(F) does not place a temporal condition on the juvenile court's authority. Therefore, ADES's interpretation would "require something not within the plain intent of the legislature as expressed by the language of the statute." *Id.* Because the statutory language explicitly grants precedence to juvenile court orders over the orders of any other court, aside from the court of appeals and the supreme court, the legislature's clear intent as expressed was to give the juvenile court authority to issue orders that preempt even pre-existing protection orders.

¶ 16 Moreover, Arizona case law repeatedly has reaffirmed the overriding power of the juvenile courts. *See Bechtel v. Rose*, 150 Ariz. 68, 75 n. 4, 722 P.2d 236, 243 n. 4 (1986)(stating that "the juvenile court remains the forum for resolving questions of dependency.... When adjudicating the dependency of a child, the juvenile court's orders take precedence over the orders of any court save the court of appeals and supreme court"); *Marshall v. Superior Court*, 145 Ariz. 309, 311, 701 P.2d 567, 569 (1985)(stating that "[t]he juvenile court has exclusive original jurisdiction to determine the disposition of children who fall within its authority ... and its orders 'take precedence over any order of any other court of this state excepting the court of appeals and the supreme court' ")(citing A.R.S. 8–202(D)(1984)); *see also Blevins v. Superior Court*, 19 Ariz.App. 314, 315, 506 P.2d 1099, 1100 (1973)(stating that divorce court lacked jurisdiction to award temporary custody of a minor child because juvenile court previously adjudicated him dependent and declared him a ward of the court); *Mena v. Mena*, 14 Ariz.App. 357, 358, 483 P.2d 589, 590 (1971)(reversing divorce court's custody decree even though parties stipulated to that court's ability to determine custody because the children were in the exclusive jurisdiction of the juvenile court); *McClendon v. Superior Court (Gonzales)*, 6 Ariz.App. 497, 501, 433 P.2d 989, 993 (1967)(stating that "ex parte custodial orders rendered in the divorce action and the hearings conducted ... are, and would be, so long as the juvenile proceeding remains open, beyond the jurisdiction of the superior court.") Although ADES correctly states that most of these cases address situations in which the juvenile court's orders pre-dated the orders of other courts, the cases nevertheless do not limit the precedential authority of the juvenile court to pre-existing orders. Thus, these cases support our interpretation of the juvenile court's authority under § 8–202(F).

¶ 17 Furthermore, our interpretation of § 8–202(F) is consistent with the juvenile court's purpose in a dependency hearing and the importance of such a hearing. The juvenile court's purpose in a dependency hearing is to resolve the matter in the best interest of the child. *See Ariz. Dept. Econ. Sec. v. Superior Court*, 178 Ariz. 236, 239, 871 P.2d 1172, 1175 (App.1994) ("The primary consideration in a dependency case is always the best interest of the child."); *see also In re Pima County Juvenile Action No. J–31853*, 18 Ariz.App. 219, 220, 501 P.2d 395, 396 (1972) ("The welfare of the child is the prime consideration of a juvenile code."). If pre-existing orders, such as orders of protection, were to control the actions of the juvenile court, the court's ability to resolve cases in the best interest of the child would be thwarted.

¶ 18 Moreover, the procedural safeguards imposed by the juvenile rules of procedure underscore the significance of an adjudication of dependency. For example, Rule 52(c) requires the juvenile court to advise the parties of their rights, and the court must conduct

the proceedings in a manner "similar to the trial of a civil action before the court sitting without a jury." Ariz. R.P. Juv. Ct. 55(D). Additionally, before the juvenile court can find that a child is dependent, it must find by a preponderance of the evidence that the child is "[i]n need of proper and effective parental care and control and who has no parent and guardian ... capable of exercising such care or control." A.R.S. § 8–201(13)(a)(i). In contrast, a municipal court can issue an order of protection *ex parte* if a party files a written, verified request and the court "determines that there is reasonable cause to believe.... The defendant has committed an act of domestic violence...." A.R.S. § 13–3602(E)(2). Thus, to interpret pre-existing protection orders of the municipal court as controlling over the juvenile court would be inconsistent with the importance of a dependency hearing as evidenced by its procedural safeguards. Accordingly, the juvenile court is not bound by pre-existing orders of protection, but has authority under A.R.S. § 8–202(F) to issue orders that take precedence over the municipal court's orders.

¶ 19 Here, the juvenile court concluded that it was bound by the order of protection and could not override it. The court therefore found that the children were dependent as to Father because the order of protection prevented him from having any physical contact with them for one year. We conclude, however, that the juvenile court has authority under A.R.S. § 8–202(F) to issue orders that override a pre-existing order of the municipal court. Thus, the juvenile court erred by finding Elisa and Melissa dependent as to Father based on the municipal court's order of protection.

## CONCLUSION

¶ 20 For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

CONCURRING: PATRICK IRVINE, Presiding Judge, and PATRICK K. NORRIS, Judge.