NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

CHRISTIAN GREGORY JACKMAN, *Petitioner/Appellee,*

*v.*

TERESA MARIE MCCANN, *Respondent/Appellant.*

No. 1 CA-CV 16-0263 FC
FILED 9-14-2017

Appeal from the Superior Court in Maricopa County
No. FC2014-096241
The Honorable Peter A. Thompson, Judge

**APPEAL DISMISSED IN PART, AFFIRMED IN PART**

COUNSEL

Berkshire Law Office PLLC, Phoenix
By Keith Berkshire, Maxwell Mahoney
*Counsel for Petitioner/Appellee*

Teresa Marie McCann, Gilbert
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Acting Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Michael J. Brown and Judge Maria Elena Cruz joined.

---

**S W A N N**, Judge:

¶1        This is an appeal from a dissolution decree's orders regarding legal decision-making, parenting time, property allocation, and attorney's fees.  We hold that the legal decision-making and parenting-time orders have been rendered moot by the juvenile court's determination that the children are dependent as to the appellant.  We therefore dismiss that portion of the appeal.  We affirm as to the property-allocation and attorney's fee orders because we find no abuse of discretion.

## FACTS AND PROCEDURAL HISTORY

¶2        Teresa Marie Jackman ("Mother") and Christian Gregory Jackman ("Father") married in 2000.  In October 2014, Father left the marital home with the parties' three minor children.  He obtained an order of protection, which included the children, based on allegations that Mother abused the children.  The parties later agreed that Mother would have supervised parenting time three times a week, and the court appointed a best-interests attorney for the children.

¶3        Between December 2014 and February 2015, Mother had nine supervised visits.  In May 2015, the court ordered Father to make the children available for telephonic contact once a week.  Mother thereafter had some telephonic visits with the children, but the interactions ceased around August 2016 because Father claimed that the children did not want to participate.

¶4        Under a stipulated order entered in mid-2015, Mother was to submit to alcohol testing for ninety days, and Father was to undergo two drug tests, ninety days apart.  Father tested positive for codeine in May 2015, and he tested positive for codeine and hydrocodone in a second, untimely test in December 2015.  Mother provided several diluted urine samples but by October 2015 eventually satisfied her alcohol-testing regimen.

¶5 After a trial, the superior court found that Mother had physically and emotionally abused the children, and that she was in denial regarding her alcohol abuse. The court concluded that Father should have sole legal decision-making authority. The court further concluded that awarding substantial parenting time to Mother would endanger the children's physical or emotional health. The court therefore ordered a parenting-time plan that gradually increased Mother's time with the children and was conditioned on the family participating in an intensive therapeutic reunification program, individual counseling for the parents, and Mother testing negative on a full-spectrum drug test for eighteen months.

¶6 The court divided the marital property, including the marital residence, between Mother and Father. The court awarded Mother $6,000 in attorney's fees under A.R.S. § 25-324(A). The court denied Mother's motion to amend the judgment or grant a new trial.

## DISCUSSION

¶7 Mother challenges the dissolution decree's orders regarding legal decision-making, parenting time, property allocation, and attorney's fees. We address each issue in turn.

I. MOTHER'S APPEAL IS MOOT AS TO THE LEGAL DECISION-MAKING AND PARENTING-TIME ORDERS.

¶8 After the close of briefing in this appeal, Mother notified this court of *In the Matter of M.J., J.J., N.J.*, Maricopa County Superior Court Case No. JD530683, a pending dependency action against her and Father as to the children. We take judicial notice of the juvenile court's March 14, 2017 orders finding the children dependent as to Mother, placing the children in the physical custody of the Department of Child Safety, and prohibiting Mother from visiting the children until therapeutically recommended. Those orders supersede the legal decision-making and parenting-time orders. *See* A.R.S. § 8-202(F); *Michael M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 230, 234, ¶ 15 (App. 2007). Our review of the legal decision-making and parenting-time orders therefore could provide no practical relief to Mother.

¶9 We will dismiss an appeal as moot when our action will have no effect on the parties, unless the issue on appeal is one of great public importance or is capable of repetition, yet evades review. *Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012). The legal decision-making and parenting-time orders in this case, while significant to the parties, does not

have broad public impact and is based on the specific facts. We therefore conclude that Mother's appeal from those orders is moot.

## II. THE SUPERIOR COURT DID NOT ABUSE ITS DISCRETION WITH RESPECT TO PROPERTY ALLOCATION.

¶10      Mother contends that the superior court erred by failing to order reimbursement for half of approximately $9,000 she spent to maintain the marital residence after service of the petition for dissolution. Those expenses were not mortgage payments affecting the equity in the house; rather, Mother paid ordinary upkeep, HOA fees, and taxes. Father maintained the insurance on the marital residence and paid Mother temporary spousal maintenance during the litigation. Father also incurred expenses to maintain his own residence.

¶11      The court ordered the marital residence sold, all outstanding encumbrances paid,[1] and any remaining proceeds equally shared. The court has broad discretion in apportioning community assets in a dissolution, and we will not disturb that allocation absent an abuse of discretion. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007). In view of the foregoing facts, we discern no abuse of discretion here.

## III. THE SUPERIOR COURT DID NOT ABUSE ITS DISCRETION WITH RESPECT TO THE ATTORNEY'S FEES AWARD.

¶12      The superior court, finding under A.R.S. § 25-324(A) that there was a substantial disparity of financial resources favoring Father but that neither party acted unreasonably in the litigation, awarded Mother approximately 10% of the attorney's fees and costs she requested. Mother contends that she was entitled to a greater award because the evidence does not support the court's finding that Father acted reasonably. Mother also contends that she was entitled to her attorney's fees under A.R.S. § 25-408(J), which provides that "[t]he court shall assess attorney fees and costs against either parent if the court finds that the parent has unreasonably denied, restricted, or interfered with court-ordered parenting time."

---

[1]      Mother contends that the superior court failed to consider a debt owed to her father related to the marital residence. But Father acknowledges that the decree ordered all outstanding encumbrances paid before the equity is divided. Accordingly, the debt owed to Mother's father is a non-issue.

¶13      Mother contends that Father acted unreasonably by, among other things, refusing to encourage the children to participate in the court-ordered supervised parenting time and telephonic access, failing to timely comply with the drug-testing order, failing to fully comply with the counseling orders, and failing to comply with orders to compel financial discovery. Where there are disputed facts or inferences to be drawn from those facts, and credibility determinations to be made, we will not reweigh the evidence or substitute our opinions for the superior court's findings. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 13 (App. 1998). The superior court found that many of Father's behaviors were not in the children's best interests. But the court did not specifically find that Father's conduct was unreasonable. In fact, the court found that "Father has acted as a gatekeeper to protect the children [from] emotional and physical abuse," and that the role was "partially validated by the facts of this case." The court also found that the delays in counseling were caused, in part, by circumstances beyond Father's control. The record supports the superior court's findings. We discern no abuse of discretion in the attorney's fees award.

## CONCLUSION

¶14      We dismiss the appeal from the legal decision-making and parenting-time orders as moot. In all other respects, we affirm the decree.

¶15      We deny Father's request for an award of attorney's fees and costs on appeal under A.R.S. § 25-324. Though we conclude that Mother's appeal lacks merit, we do not find it frivolous or abusive.



AMY M. WOOD • Clerk of the Court
FILED: AA