NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

ADRIAN B.,
*Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.H., A.H.,
*Appellees*.

No. 1 CA-JV 19-0071
FILED 9-17-2019

Appeal from the Superior Court in Maricopa County
No. JD36355
The Honorable Sara J. Agne, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, PC, Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee DCS*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

---

**J O H N S E N**, Judge:

¶1        Adrian B. ("Mother") appeals the superior court's order finding her children dependent.[1] For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Mother has two children, born in August 2017 and September 2018, respectively.[2] Just before her second child was born, Mother and the children's father ("Father") left their first child with a babysitter and went to a party. According to the Department of Child Safety ("DCS"), Mother reported that she used methamphetamines three or four times that night, "to please [Father]." She went into labor within 48 hours thereafter and delivered their second child, who was born substance-exposed. DCS took custody of both children and filed a dependency petition alleging the children were dependent as to both Mother and Father based on, *inter alia*, substance abuse and domestic violence.

¶3        While the dependency petition was pending, DCS provided Mother and Father with drug testing, domestic-violence counseling and parent-aide services. By DCS's own account, the parents participated in those services and were mostly successful.

¶4        Despite the parents' general success with services, however, DCS still had concerns about domestic violence. Mother disclosed that Father had pushed her one day in 2017 as she held their first child, and she had left him temporarily. After Father told his counselor in October 2018 that he has anger issues that arise when he drinks, Father tested positive for

---

[1]     The superior court also found the children dependent as to their father; that ruling is not at issue in this appeal.

[2]     We view the facts and reasonable inferences therefrom in the light most favorable to affirming the superior court's order. *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

alcohol on November 8, 2018. A week later, Mother told her counselor that Father was still drinking alcohol and had become verbally, emotionally and physically abusive, grabbing and threatening her and damaging property. Mother made similar reports during a November 29, 2018, call to the DCS case manager, in which, as DCS reported, she asserted "there is DV in relationship with Father" and that Father was sending her threatening texts. Mother again called the case manager in December 2018, stating that Father was drunk, hitting her and throwing things at her. Despite her reports, Mother continued to live with Father and hung up when the case manager offered to help find her a shelter. Mother later recanted her statements about Father's domestic violence.

¶5        After hearing the evidence, the superior court praised the parents' progress with services but found the children dependent as to both parents. The court expressly noted that it found the DCS case manager's accounts of Mother's telephone calls about Father to be credible.

¶6        Mother timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 8-235(A) (2019), 12-120.21(A)(1) (2019), -2101(A)(1) (2019) and Arizona Rule of Procedure for the Juvenile Court 103(A).[3]

## DISCUSSION

¶7        We review the court's dependency order for an abuse of discretion; we will reverse such an order only when no reasonable evidence supports it. *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 13 (App. 2016). The primary considerations in a dependency proceeding are the welfare and best interests of the child. *Michael M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 230, 234, ¶ 17 (App. 2007). The superior court is in the best position to assess the credibility of witnesses and weigh the evidence, *Pima County Dependency Action No. 93511*, 154 Ariz. 543, 546 (App. 1987), and we will not second-guess its assessments, *see Shella H.*, 239 Ariz. at 50, ¶ 15.

¶8        DCS must prove by a preponderance of the evidence that a child is dependent. *See id.* at 49-50, ¶¶ 11, 13. A child is dependent when the child is "[i]n need of proper and effective parental care and control and . . . has no parent . . . willing to exercise or capable of exercising such care and control." A.R.S. § 8-201(15)(a)(i) (2019). Although the superior court

---

[3]        Absent material revision after the relevant date, we cite the current version of a statute or rule.

rules based on the circumstances at the time of the adjudication hearing, *Shella H.*, 239 Ariz. at 50, ¶ 12, a "substantiated and unresolved threat" of domestic violence is sufficient to support a finding of dependency, even when actual violence is not "continuous or actively occurring," *id.* at 51, ¶ 16. This is particularly true when parents deny such a threat exists. *Id.*

¶9    Reasonable evidence supports the superior court's dependency finding. The court heard evidence that Mother reported on multiple occasions that Father had acted violently towards her. These reports included an instance while she was holding their first child and another less than two months before the adjudication hearing. Although Mother challenges the credibility of the DCS case manager's testimony about the November and December 2018 incidents of domestic violence, we will not second-guess the court's finding that the case manager's testimony was credible. *See id.* at 50, ¶ 15. These reports provide reasonable evidence to support a finding that an "unresolved threat" of domestic violence remained at the time of the hearing. *See id.* at 51, ¶ 16. Mother's later denials of those incidents, along with her decision to continue living with Father, could constitute reasonable evidence that she is not willing or capable of exercising proper and effective parental care and control. *See id.* at ¶¶ 16-17; *see also Pima County Juvenile Dependency Action No. 96290*, 162 Ariz. 601, 604-05 (App. 1990).

**CONCLUSION**

¶10    For the reasons stated above, we affirm the dependency order.

