NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CHRISTIAN GREGORY JACKMAN, *Petitioner/Appellee*,

*v.*

TERESA MARIE MCCANN, *Respondent/Appellant*.

No. 1 CA-CV 22-0341 FC
FILED 4-11-2023

Appeal from the Superior Court in Maricopa County
No. FC2014-096241
The Honorable Adele Ponce, Judge

**AFFIRMED**

COUNSEL

Teresa Marie McCann, Gilbert
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Anni Hill Foster joined.

---

**H O W E** , Judge:

**¶1** Teresa Marie McCann ("Mother") appeals the order denying her petition to modify legal decision-making authority, parenting time, and child support. Because she has shown no abuse of discretion or legal error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Mother and Christian Gregory Jackman ("Father") had three minor children when they divorced in 2016. Two of the children have since turned 18 and are not involved in this appeal. In the 2016 decree, the family court found that Mother physically and emotionally abused the children. Therefore, the court awarded Father sole legal decision-making authority. The court also determined that awarding substantial parenting time to Mother would endanger the children's physical or emotional well-being. As a result, the court ordered a parenting time plan that gradually increased Mother's time with the children and required that the family participate in an intensive therapeutic reunification program.

**¶3** While Mother's appeal from the decree was pending, the Department of Child Safety petitioned for the children's dependency, and the juvenile court found the children dependent as to Mother. *See Jackman v. McCann,* 2017 WL 4052001, 1 CA-CV 16-0263FC, *1 ¶ 8 (Ariz. App. Sept. 14, 2017). Because the juvenile court order superseded the decree, this court deemed Mother's appeal from the legal decision-making and parenting time orders in the decree moot. *Id.* at *1–2 ¶¶ 8–9 (citing A.R.S. § 8–202(F)); *Michael M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 230, 234 ¶ 15 (App. 2007). Later, the juvenile court took temporary jurisdiction over the family court case, ordered the children to live with Father, allowed parenting time with Mother at the children's discretion, and dismissed the dependency action. The juvenile court order is the most recent parenting time order.

¶4      In February 2021, Mother petitioned to modify legal decision-making authority, parenting time, and child support orders. She sought sole legal decision-making authority and supervised parenting time for Father. The family court appointed an advisor to prepare a report. The court held an evidentiary hearing, during which Mother, Father, and their daughter testified. After the evidentiary hearing, the court denied Mother's petition to modify and again awarded Father sole legal decision-making pursuant to the child's best interests. Citing the unusual history of this case and the fact that the only minor child was now 16 years old, the court found that allowing the child to decide whether to communicate or spend time with Mother was in the child's best interests. The court also specified parameters for Mother's communications with the child and denied her request to modify child support, finding no change from the child support order in place. Mother timely appealed, and we have jurisdiction under A.R.S. § 12–2101(A)(2).

## DISCUSSION

¶5      Mother argues that the court erred in (1) awarding Father sole legal decision-making authority, (2) violating her constitutional rights, and (3) failing to reduce the child support order after the second child turned 18 in March 2022. Father did not file an answering brief, which we may treat as a confession of error, but we decline to do so here because a child's best interests are involved. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525 ¶ 2 (App. 2002).

¶6      As a threshold matter, Mother contends that the trial transcript is inaccurate and was "tampered with." The email she relies on to support this claim is not part of the record on appeal. Therefore, we do not consider it. *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990). Mother failed to provide other record evidence of any inaccuracies or an accurate copy of the transcript in accordance with Rule 19. *See* Ariz. R. Fam. Law P. 19 (requiring party to identify lost or destroyed record, provide accurate copy, and proof of accuracy).

## I.    The Record Supports the Legal Decision-Making Authority and Parenting Time Orders.

¶7      We review the family court's legal decision-making authority and parenting time orders for an abuse of discretion. *Engstrom v. McCarthy*, 243 Ariz. 469, 471 ¶ 4 (App. 2018). We accept the court's findings of fact absent clear error. *Id*.

¶8 The record supports the court's order that Father be awarded sole legal decision-making authority. The court determines legal decision-making and parenting time "in accordance with the best interests of the child," which involves considering "all factors that are relevant to the child's physical and emotional well-being." A.R.S. § 25–403(A). A finding of any domestic violence creates a rebuttable presumption that awarding sole or joint legal decision-making authority to a parent who has committed an act of domestic violence is contrary to the child's best interests. A.R.S. § 25–403.03(D); *see DeLuna v. Petitto,* 247 Ariz. 420, 424 ¶ 16 (App. 2019). However, "[t]his presumption does not apply if both parents have committed an act of domestic violence." A.R.S. § 25–403.03(D).

¶9 Here, the family court considered both parents' acts of domestic violence in the record in making its findings. Evidence supports the finding that Mother abused the children. Although she cites evidence from the 2015 family court evaluation and the children's 2017 psychological evaluation that contradicted Father's reports of her abuse, other evidence supports the finding that Mother abused the children, including sworn testimony by those with personal knowledge. Also, the original dissolution decree found that Mother physically and emotionally abused the children. And in the 2015 court-ordered family assessment, Mother admitted to hitting the children with a wooden spoon and putting hot sauce in their mouths as punishment. Additionally, Mother provided the middle child's medical records in which he confirmed the past abuse. At this hearing, Mother admitted to locking the children in their rooms at night with no access to a bathroom. Mother also offered evidence of Father's 2020 conviction for domestic violence against her. Because Mother and Father each committed acts of domestic violence, the presumption does not apply. Therefore, the court did not err in awarding Father sole legal decision-making authority.

¶10 The court also did not err in finding that living with Father and contacting Mother on his own terms is in the minor child's best interests. As the family court explained, this case is "unusual." Contrary to Mother's contention, the court expressly considered that Father may have improperly influenced the child's wishes on this issue. Mother had abused the children in the past, damaging her relationship with them. On the other hand, Father further alienated Mother by discouraging reunification efforts and acting contrary to the children's best interests. Given these circumstances, the court did not abuse its discretion when it considered the 16-year-old child's expressed desire to have no relationship with Mother.

¶11 Mother contends that the family court "intentionally and willfully ignore[d]" evidence weighing against Father. Throughout the ruling, however, the court acknowledged that Father's alienation and continued portrayal of Mother as a danger and a threat harmed the children. The court also questioned some of Father's allegations. The court considered the best interest attorney's concerns that Father's failure to protect the children from Mother's abuse harmed the children. Finally, the court noted that Father did not complete the court-ordered counseling. Mother asks this court to weigh this evidence differently. But we do not reweigh the evidence or make credibility determinations on appeal. *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009). Because the family court is in the best position to determine witness credibility and resolve conflicts in the evidence, we defer to its findings. *Vincent v. Nelson*, 238 Ariz. 150, 155 ¶ 18 (App. 2015). [1]

## II.   The Family Court Did Not Violate Mother's Constitutional Rights.

¶12 Parents have a fundamental right to decide on the care, custody, and management of their children. *Troxel v. Granville,* 530 U.S. 57, 65–66 (2000). And absent evidence to the contrary, both parents providing "substantial, frequent, meaningful and continuing parenting time" with the child and "participat[ing] in decision-making about the child" is generally in that child's best interests. A.R.S. § 25–103(B). A court should also maximize parenting time consistent with the child's best interests, A.R.S. § 25–403.02(B), and "shall not restrict a parent's parenting time rights unless it finds that the parenting time would endanger seriously the child's physical, mental, moral or emotional health." A.R.S. § 25–411(J).

¶13 In the original decree, the family court found that unrestricted parenting time would endanger the child's physical, mental, moral or emotional health based on the "long history of emotional and physical abuse." The original decree conditioned Mother's parenting time on an intensive therapeutic reunification process. Then, the juvenile court further limited Mother's contact to occur only if the children wanted it. The parenting time order continues to allow parenting time at the child's discretion, but it now allows Mother to communicate with the child electronically within specific parameters. The court expressly found "this

---

[1]   Having concluded that the family court did not ignore evidence, we do not reach Mother's assertion that the court violated Arizona Rule of Family Law Procedure 2, which requires compliance with the Arizona Rules of Evidence at a properly noticed hearing.

to be the right amount of contact given the history of the case." Because the record supports the findings of past abuse, and the restrictions are reasonably crafted to minimize the danger of further emotional or physical abuse, we find no violation of Mother's constitutional rights and affirm. *See Paul E. v. Courtney F.,* 246 Ariz. 388, 394 ¶ 20 (2019).

### III.    The Record Supports the Child Support Order.

**¶14**        We review the ruling on a petition to modify child support for an abuse of discretion. *See Little v. Little,* 193 Ariz. 518, 520 ¶ 5 (1999). The child support order was proper.

**¶15**        The family court properly denied Mother's request to modify child support because it did not modify the parenting time orders. A parent must pay child support for a child who turns 18 while still attending high school. A.R.S. § 25–320(F); A.R.S. § 25–501(A). Here, although the middle child turned 18 on March 3, 2022, he was a junior in high school during the 2021-2022 academic year. Absent evidence that the child graduated, completed a high school equivalency program, or stopped attending school at the time of the trial, the family court properly included the 18-year-old middle child in calculating the child support order. *Id.*

**¶16**        Mother contends that she is not required to pay child support because she has no parental rights. But the courts did not terminate Mother's parental rights. For that reason, her child support obligation continues regardless of the amount of court-ordered parenting time. *See* A.R.S. § 25–320 app., Child Support Guidelines § I(C)(6) ("The obligation to pay . . . child support is separate from any rights or responsibilities relating to legal decision-making and parenting time."); A.R.S. § 25–501(A) (absent an exception not applicable here, "every person has the duty to provide all reasonable support for that person's natural and adopted minor, unemancipated children."). The court did not err.

### CONCLUSION

**¶17**        We affirm the order denying Mother's petition to modify.

