NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE DEPENDENCY AS TO J.A.

No. 1 CA-JV 22-0221
FILED 4-13-2023

Appeal from the Superior Court in Maricopa County
No. JD537773
The Honorable Ashley V. Halvorson, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Suzanne Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer L. Thorson
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which
Presiding Judge Cynthia J. Bailey and Judge Jennifer B. Campbell joined.

**W E I N Z W E I G**, Judge:

¶1        Tierre A. ("Mother") appeals from the superior court's dependency disposition order.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother is the natural parent of J.A. ("Son"), who is seventeen years old.  Police responded to a welfare check after Son was found alone outside a homeless shelter in March 2022.  He told the officers that he ran away from home because Mother had punched him, slapped him, and hit him with a broomstick.  Son reported that this abuse occurred a few days earlier.  His left eye was swollen, and his lower lip had a small cut.

¶3        The Department of Child Safety ("DCS") secured physical custody of Son and placed him in a group home.  DCS then filed a dependency petition, alleging that Mother abused and neglected Son, and was unwilling or unable to provide proper and effective parental care and control.  Mother contested the dependency, and the court held an evidentiary hearing.  Mother and two DCS professionals testified.  The court found Son dependent.

¶4        Mother requested clinically-supervised therapeutic visitation, but DCS denied that request.  DCS referred Mother to parenting classes, and offered her mental health services, transportation services, case aide services and a psychological evaluation.  At a disposition hearing in August 2022, DCS requested an independent living case plan.  Mother objected and requested a concurrent case plan of family reunification and independent living.  The superior court granted the independent living case plan, and denied Mother's request for therapeutic visitation, ordering that visitation occur at Son's discretion.  Along with that, the court ordered DCS to "continue to inform the child of Mother's desire to visit, and her desire to restore their relationship through counseling."

¶5        Mother filed an untimely appeal, but the superior court granted Mother's motion to excuse the untimely filing.  We have jurisdiction.  *See* A.R.S. §§ 8-235 and 12-120.21(A)(1).

## DISCUSSION

¶6        We review the superior court's dependency order for an abuse of discretion, *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 13 (App. 2016), and accept its findings of fact unless clearly erroneous, *Michael M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 230, 233, ¶ 10 (App. 2007).  This court

affirms a finding of dependency unless it is supported by no reasonable evidence. *Shella H.*, 239 Ariz. at 50, ¶ 13.

**¶7** Arizona law defines a dependent child as a child who needs "proper and effective parental care and control," but "has no parent or guardian . . . willing to exercise or capable of exercising such care and control." A.R.S. § 8-201(15)(a)(i). A child "whose home is unfit by reason of abuse [or] neglect" might also be considered dependent. A.R.S. § 8-201(15)(a)(iii).

**¶8** Mother first argues the superior court erroneously adopted an independent living case plan instead of a concurrent case plan of independent living and family reunification. But "[i]f placement with the child's parents is contrary to the child's welfare, the court may place the child . . . in accordance with the child's best interests . . . [i]n [an] independent living program." A.R.S. § 8-845(A)(5).

**¶9** We discern no abuse of discretion because the record has reasonable evidence to support the superior court's decision. First, Son is seventeen years old and refuses to visit Mother. Second, Son's behavioral health providers concluded that Son should not be forced to visit Mother. Mother also recognized this tension at the disposition hearing, when she admitted that she did not want to force Son to visit. Third, the court found based on a credibility assessment that Mother physically abused Son, and we do not reweigh credibility determinations. *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 178, ¶ 15 (App. 2014).

**¶10** Mother next contends DCS did not make diligent reunification efforts because she was never offered therapeutic visitation. This argument fails too. First, this is a dependency adjudication and not a termination action, and diligent reunification efforts are required before DCS terminates a parent's rights. *Cf.* A.R.S. § 8-533(B)(8) and § 8-846(A) ("[I]f the child has been removed from the home, the court shall order [DCS] to make reasonable efforts to provide services to the child and the child's parent."). Second, as explained above, Son had refused to visit Mother and his behavioral health providers said he should not be forced to visit.

## CONCLUSION

¶11          We affirm.



AMY M. WOOD • Clerk of the Court
FILED:  CC