NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE DEPENDENCY AS TO J.M.

No. 1 CA-JV 23-0120
FILED 11-02-2023

---

Appeal from the Superior Court in Maricopa County
No. JD534988
The Honorable Ashley Halvorson, Judge

**AFFIRMED**

---

COUNSEL

Denise L. Carroll, Esq. Scottsdale
By Denise L. Carroll
*Counsel for Appellant Mother*

Arizona Attorney General's Office, Phoenix
By Jennifer Blum
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

**W E I N Z W E I G**, Judge:

¶1 Trisha M. ("Mother") appeals from the juvenile court's dependency disposition. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Mother is the biological parent of J.M. ("Child"), born in September 2006. Between 2016 and 2021, the Department of Child Safety received more than five reports about Mother's physical and mental abuse and neglect of Child. The abuse continued in August 2021, when DCS learned that Mother had struck Child with "a phone, a belt, a hanger, and locked [Child] in a bathroom, which [Mother] had done for multiple hours on multiple occasions." Mother admitted she hit Child with a belt, adding, "I was trying to get him just to shut up."

¶3 Mother was arrested and Child was placed with his father, Michael M. ("Father"), who had been divorced from Mother for several years.[1] By mid-2022, DCS placed Child in congregate care because Father was no longer willing to parent him.

¶4 DCS petitioned the juvenile court to find Child dependent as to Mother based on her neglect, unwillingness or inability to parent, and reports of physical abuse. DCS reached out to Mother for reunification services, but Mother said she did "not need to do anything." Mother did not participate in any of the recommended parenting classes or "engage in any services."

¶5 The juvenile court held a contested dependency hearing in February and March 2023, and heard testimony from the DCS case manager, the DCS investigator, Mother's adult daughter and Mother. The court found Child dependent as to Mother under A.R.S. § 8-201(15)(a), concluding she posed safety threats of abuse and neglect to Child. The

---

[1] Father entered a no contest to dependency allegations and is not a party to this appeal.

court reasoned that "the historic abuse and neglect" threatened Child because Mother had "done nothing to address these issues," and Mother failed to "take any responsibility for [Child] and his struggles." The court found that Mother was not credible, and found the abuse allegations against Mother were "credible," pointing to "the child's consistent reports of abuse in August 2021, supported by photographs of the injuries."

**¶6**         Mother appeals. We have jurisdiction. *See* A.R.S. §§ 8-235, 12-120.21(A)(1).

## DISCUSSION

**¶7**         We review the juvenile court's dependency order for an abuse of discretion, *Joelle M. v. Dep't of Child Safety*, 245 Ariz. 525, 527, ¶ 9 (App. 2018), and accept its findings of fact unless clearly erroneous, *Michael M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 230, 233, ¶ 10 (App. 2007). We will affirm a finding of dependency unless it is supported by no reasonable evidence. *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 13 (App. 2016).

**¶8**         A child's best interests is the primary concern in a dependency case. *Joelle M.*, 245 Ariz. at 527, ¶ 10. Arizona law defines a dependent child as one who lacks "proper and effective parental care and control," and who "has no parent or guardian" who is "willing to exercise or capable of exercising such care and control." A.R.S. § 8-201(15)(a)(i). A child "whose home is unfit by reason of abuse, neglect, cruelty or depravity by a parent" will also be deemed dependent. A.R.S. § 8-201(15)(a)(iii).

**¶9**         The juvenile court found Child dependent as to Mother based on her abuse and neglect, along with her unwillingness or inability to parent Child. Mother does not contest these findings of neglect or her unwillingness or inability to parent Child, and either alone is sufficient to affirm the court's ruling.

**¶10**         Regardless, the record has reasonable evidence to support the juvenile court's decision. The court heard testimony from several witnesses about Mother's abuse, and Mother admitted she hit Child with a belt to get him to "shut up." The court assessed the evidence and Mother's credibility and found that Mother had abused and neglected Child. The juvenile court is in the best position to weigh the evidence presented, *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002), and we do not reweigh its assessment of credibility, *Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 178, ¶ 15 (App. 2014).

¶11        Mother argues the juvenile court "substantiated the allegation[s] of physical abuse by Mother," but that argument mistakes the standard for dependency.  The court needed only to weigh the evidence presented and determine whether DCS proved the allegations by a preponderance of the evidence.  A.R.S. § 8-844(C)(1).  The court did so.

**CONCLUSION**

¶12        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:      TM

4