NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE DEPENDENCY AS TO T.F.

No. 1 CA-JV 25-0082

FILED 07-22-2025

Appeal from the Superior Court in Maricopa County
No. JD529377
The Honorable Ronee Korbin Steiner, Judge

**AFFIRMED**

COUNSEL

Law Office of Ed Johnson, PLLC, Peoria
By Edward D. Johnson
*Counsel for Appellant Brandon F.*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee Department of Child Safety*

Alexander Legal, LLC, Chandler
By Amy Alexander
*Counsel for Child T.F.*

---

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Daniel J. Kiley joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

**¶1**         Brandon F. ("Father") appeals from the juvenile court's dependency disposition.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Father is the biological parent of T.F. ("Child"), born in February 2025.  Child was born substance exposed to fentanyl and methadone and was immediately hospitalized for drug withdrawal treatment.

**¶3**         A day after Child's birth, the Department of Child Safety ("DCS") received a hotline report documenting Child's condition, so it opened an investigation.  DCS discovered Mother had a history of fentanyl and heroin use.  Mother admitted to using fentanyl during the pregnancy.  Father too had a history of substance abuse, and Arizona courts had terminated his parental rights to a different child on grounds of substance abuse in 2013.  Father insisted he was clean during the investigation.

**¶4**         DCS allowed Child to remain in the parents' home under a safety plan.  DCS offered both parents reunification services.  Mother participated; Father resisted.  DCS asked Father to undergo a drug test, but he ultimately refused.

**¶5**         DCS petitioned the juvenile court to find Child dependent as to both parents based on Mother's ongoing substance abuse and Father's inability to protect Child from Mother's substance abuse.  Mother did not contest her dependency, but Father denied the allegations.

**¶6**         The juvenile court held a contested dependency hearing where it heard testimony from the DCS case manager, the DCS investigator and Father.  The court found Child dependent as to Father under A.R.S. § 8-201(15)(a), concluding he "neglected to provide a safe and stable home environment and proper supervision which placed the child at a substantial

2

risk from harm." The court reasoned Father was "unable or unwilling to protect the child from Mother's substance abuse," stressing he knew about Mother's substance abuse issues but never asked her to leave or tried to "create other limitations to ensure the child's safety."

¶7 Father appealed. We have jurisdiction. A.R.S. §§ 8-235(A), 12-120.21(A), -2101(A)(1); Ariz. R.P. Juv. Ct. 601(a).

## DISCUSSION

¶8 We review the juvenile court's dependency order for an abuse of discretion, *Joelle M. v. Dep't of Child Safety*, 245 Ariz. 525, 527, ¶ 9 (App. 2018), accepting its findings of fact unless clearly erroneous, *Michael M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 230, 233, ¶ 10 (App. 2007). We will affirm a dependency unless supported by no reasonable evidence. *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 13 (App. 2016).

¶9 Arizona law defines a dependent child as one who lacks "proper and effective parental care and control," or "has no parent or guardian willing to exercise or capable of exercising such care and control." A.R.S. § 8-201(15)(a)(i). A child is also dependent when his "home is unfit by reason of abuse, neglect, cruelty or depravity by a parent." A.R.S. § 8-201(15)(a)(iii). Our primary concern in any dependency adjudication is the child's best interests. *Joelle M.*, 245 Ariz. at 527, ¶ 10.

¶10 Father argues no reasonable evidence supports the juvenile court's decision. We disagree. First, the court heard testimony from the DCS investigator that Father knew Mother used fentanyl but left Child home alone with Mother when he worked. Second, the DCS case manager testified Father did not have any plan in place to protect T.F. from Mother's substance abuse. Third, the court found Father either could not recognize Mother's substance abuse issues or has chosen to ignore them. We do not reweigh credibility determinations. *See Ariz. Dep't of Econ. Sec. v. Rocky J.*, 234 Ariz. 437, 440, ¶ 12 (App. 2014).

¶11 Father also contends the juvenile court erroneously found Child dependent solely because Father refused to take a drug test. *See* A.R.S. § 8-809.01(A)(2). Not so. The court found Child dependent as to Father because he exposed Child to dangers associated with Mother's substance abuse.

## CONCLUSION

¶12      We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:      JR